Wheeler, O. J.
—We think it free from doubt, that the plaintiff was entitled to be heard to except to the legal sufficiency of the petition of the intervenor, since it was interposed to defeat his action; and we are of opinion that the exceptions were well taken.
The intervenor asserted title in himself to the land in question, and undertook to set forth the nature and constituents of his title. In so doing, he disclosed that he had sold the land to Hogan and received a largé part of the consideration, and had thus divested himself of the ownership. But, in order to obviate the effect of the sale and divestiture of title, he asked a recision of the sale, on the ground that Hogan had abandoned and failed to complete, and was unable to complete, the performance of the contract. He did not rely for a recovery on the strength of his legal title; but anticipating that that would be met by the fact that he had sold to Hogan, and invested him with the superior equitable title which the plaintiff had subsequently acquired, and that his action would be thus defeated, he invokes the aid of equity to rescind the sale to Hogan and reinvest himself with the equitable title. He comes into court, therefore, invoking the interposition of its equitable powers in his behalf to make out his title. And the maxim applies in its full force, that he who seeks equity must do equity. He seeks to make his title available against the plaintiff; and, to enable him ,to do this, he -must show that it is a good equitable title. This he has failed to do; because, while he seeks the aid of equity, he has failed to show that he had done that which equity required of him on his part to perform. To entitle him to the aid *322 of & court of equity to rescind the contract of sale to Hogan, he must have restored or offered to restore the consideration which he had received. This it does not appear hy his petition that he had done. His petition, therefore, failed to show that he had reacquired the equitable title, or that he was in a situation to ask of a court of equity a recision of the sale to Hogan. He does not appear to have been entitled to relief on the maxim that equity will consider that as actually done which ought to he done; because he has failed to show that in equity and good conscience the sale ought to be rescinded. In fine, the petition of the intervenor shows that he had parted with the equitable title to the land in question, and fails to show that Jie had reacquired it, and was, therefore, rightly adjudged by the court insufficient to entitle him to maintain his action.
Deeming that the court ruled rightly in sustaining exceptions to the petition, it does not become necessary to decide upon the effect of the tender proposed hy the amended petition and its acceptance, upon the right of the intervenor to assign error in the ruling of the court upon the exceptions.
We are of the opinion that there is no error in the judgment, and it is
Aeeirmed.