### ADAMS v. LOFTIN et al.   (No. 2062.)

Court of Civil Appeals of Texas. El Paso.
Dec. 15, 1927.

**1. Sales ⚫ 124—Buyers could not rescind purchase of business and equipment without restoring, or offering to restore, equipment and lease received.**

Where the buyers of a business, together with equipment and lease, sought to rescind the purchase on the ground of the seller's deceit in the transaction, *held,* that they could not rescind without restoring, or offering to restore, the equipment and the lease received, or showing that it was beyond their power to restore; the general rule requiring such restoration, or offer to restore, or a showing that the property has no value.

**2. Contracts ⚫ 273—A "rescission" must be in toto and not partial.**

A rescission of a contract must be in toto and not partial; "rescission" being the undoing of a thing.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Rescission.]

**3. Sales ⚫ 38(9)—To warrant rescission of sales contract for seller's deceit, buyer must show damage.**

To warrant the rescission of a contract of sale by the buyer because of the seller's deceit, the buyer must show that he has suffered damage by the deceit practiced.

Appeal from District Court, Dallas County; Louis Wilson, Judge.

Suit by Joel D. Loftin and another against R. V. Adams and another. Judgment for plaintiffs, and defendant named appeals. Reversed and remanded.

Callaway, Dalton & Callaway, of Dallas, for appellant.

Geo. Sergeant, of Dallas, for appellees.

WALTHALL, J. On the 19th day of February, 1926, the appellant, R. V. Adams, was operating an automobile tire retreading business at 1904 Pacific avenue, in the city of Dallas. His equipment consisted of machinery suitable for repairing and retreading automobile tires, together with a delivery truck and the lease upon his building, which had been in operation at that place for about eight months. On said date Adams sold his business and all machinery and equipment and the good will of his business to appellees Joel D. Loftin and Troy E. Hill for a total consideration of $2,918.80. $300 of the consideration was paid in cash, and $750 was paid by the delivery to Adams of a Dodge sedan automobile, and the remainder, $1,868.80 was represented by a note executed by appellees to Adams, payable in installments of $100 per month, due on the 19th day of each month beginning March 19, 1926, and bearing 8 per cent. interest on principal and past-due interest, and secured by a chattel mortgage on the entire equipment and machinery.

The Republic National Bank became the owner and holder of the note and the mortgage lien given to secure the note. Loftin and Hill paid the bank the installments maturing in March and April, 1926, and filed this suit on May 1, 1926, against Adams and the bank, asking that said sale be rescinded and the note in the hands of the bank be canceled on the ground that Adams represented to them that he would immediately pay off a mortgage note to the Dixie Mold Company for $230, and that he had not done so; that Adams represented to them that there were no other debts against the business sold to them, but that there were two open accounts that Adams owed, one for $31.99, the other for $122, and that they believed there were other debts which they had not learned of; that Adams made other statements and promises alleged to be false, and to which the court sustained special exceptions, and of which ruling no complaint is made, and which we need not state; that Adams represented to them that the business had been making $1,000 per month, and would continue to make a like amount in the future, and which statement was false; that the $1,868.80 note would be held by Adams' father and collected by him for Adams, but that said note had been transferred to the Republic National Bank; that because of those alleged statements and promises, alleged to be false and fraudulent, appellees asked that said sale be set aside and canceled, including the note held by the bank, and the

purchase money already paid be returned to them.

Adams answered by general demurrer, a number of special exceptions, and general denial, and special denials. The bank answered, but, as no issue is made here as to the bank, we will omit further reference to its pleas.

The court overruled appellant's general demurrer and, on special exceptions, struck out the part of the petition relating to the $230 mortgage debt, and the allegation that Adams represented that the business would continue to make $1,000 per month in the future, and other allegations in the petition amounting only to promises and statements, not amounting to statements of fact, and of which no complaint is made here by appellees.

The case was tried without a jury, and judgment rendered canceling and rescinding the sale, decreed that Adams return to Loftin and Hill the $300 in money and the Dodge sedan received by Adams; that the Republic National Bank was a purchaser for value without notice of the $1,800, and granted to the bank a foreclosure of the chattel mortgage in its favor upon the property sold by Adams to Loftin and Hill.

Adams prosecutes this appeal.

### Opinion.

Appellees' motion to strike out appellant's assignments of error and brief is considered and overruled.

Several propositions are presented complaining of the overruling of appellant's general demurrer, and the sufficiency of the evidence to sustain the judgment rescinding the sale. It is insisted that appellees in their petition do not offer to return to appellant any part of the equipment or machinery, nor restore him to the situation he was in at the time he made the sale, nor show in their petition that they are not in a position to restore him to the position he was in with reference to the business and property sold, and for that reason appellees do not offer to do equity.

The petition alleges that the $1,868.80 note was pledged to the bank as collateral to secure a debt owed by appellant. The petition states that one debt of $230 was outstanding which appellant agreed to pay immediately, and which appellant had not paid; that appellant represented that there were no other debts of any kind against the business, but that at that time the business owed the Texas Paper Company $31.99, and the Williams Foundry & Machine Company $122, and owed the United States Rubber Company a debt, the amount of which appellees did not know, and that they believed there were still other debts of which they were not ad-

vised. There are other representations alleged to have been made which we need not state, as they are not statements of fact, but promises only.

[1, 2] The rule is general that to entitle a buyer to rescind a contract of sale he must have restored, or offered to restore, the consideration he received, or show that it has no value, and expressed in the maxim "that he who seeks equity must do equity." Here, to entitle appellees to rescind the sale to them of the equipment and machinery and the delivery truck, and the lease upon the business they should restore, or offer to restore, to appellant the equipment and machinery, the delivery truck, and the lease. This the petition does not state was done, nor an offer to do so, nor does it show that it was beyond the power of appellees to restore. Rescission is the undoing of a thing. 34 Cyc. 1628; Cheek v. Metzer (Tex. Com. App.) 291 S. W. 860, 863. Certainly, one cannot have an executed contract cancelled and have restored to him what he has paid as a consideration and make no offer to restore to the other things of value he has received. Restoration is the fundamental theory on which equity acts in administering the remedy of rescission of a contract where things of value have been sold and delivered. A rescission must be in toto, and not partial. The suit is not for breach of warranty of title. Coddington et al. v. Wells et al., 59 Tex. 49; Thomas v. Beaton, 25 Tex. Supp. 318; Brantley v. Thomas, 22 Tex. 271, 275, 73 Am. Dec. 264.

[3] Again, appellees' suit seeking a rescission of the sale was essentially an action for deceit, and to maintain such action a showing of damage is essential. No injury or damage is alleged to have resulted to appellees by reason of any of the matters complained of. As said by Judge McClendon in Calloway v. Chrestman, 269 S. W. 908:

The above statement "is a well-established doctrine in this state and applies where rescission of the contract is sought as well as where the relief asked is damages occasioned by the fraud."

In Russell v. Industrial Transportation Co., 113 Tex. 441, 258 S. W. 462, in the motion for rehearing, Mr. Justice Pierson said:

"Upon investigation, we find the general and correct rule to be that some injury must be shown in an action to rescind a contract for fraud."

For reasons stated, we have concluded that the trial court was in error in overruling appellant's general demurrer, and in rendering the judgment rescinding the same. The case is reversed and remanded to allow appellees the opportunity to amend, should they so desire.