COUNTRY CUPBOARD, INC., Appellant,

v.

The TEXSTAR CORPORATION, Appellee.

No. 19550.

Court of Civil Appeals of Texas, Dallas.

July 10, 1978.

Rehearing Denied Aug. 21, 1978.

James A. Knox, Vial, Hamilton, Koch, Tubb, Knox & Stradley, Dallas, for appellant.

Marshall M. Searcy, Jr., Rain, Harrell, Emery, Young & Doke, Dallas, for appellee.

ROBERTSON, Justice.

Country Cupboard, Inc., a dissolved Nevada corporation acting through its liquidating trustees, sued The Texstar Corporation, seeking rescission of a written agreement executed in settlement of a claim pressed by Texstar. Country Cupboard asserted that the claim was made in bad faith and that the settlement agreement was procured through duress and business compulsion. Texstar moved to dismiss the suit on the grounds that Country Cupboard did not possess a valid certificate of authority to do business in Texas, and thus could not sue in this state. Alternatively, Texstar argued that Country Cupboard's suit was barred by the statute of limitations. The trial court granted the motion to dismiss, and Country Cupboard now appeals. We reverse and remand.

The primary question on this appeal is whether the dissolved Nevada corporation has legal capacity to sue in the courts of

this state. If we conclude that it does, we must then decide whether the present suit is barred by the statute of limitations.

### Capacity to Sue

■ Country Cupboard first argues that the trial court erred in concluding that, as a dissolved foreign corporation, it has no capacity to sue in the courts of Texas. It asserts that its capacity is to be determined by the law of Nevada, the state of its incorporation, and that under Nevada law, its liquidating trustees are empowered to sue for and recover the debts and property of the corporation after dissolution. We agree. The question of whether a foreign corporation continues in existence after dissolution for the purpose of prosecuting and defending suits is determined by the laws of the state in which the corporation was created. *See Miller Management Co., Inc. v. State,* 140 Tex. 370, 167 S.W.2d 728 (1943); *Ferguson-McKinney Dry Goods Co. v. Garrett,* 252 S.W. 738 (Tex.Com.App.— 1923, jdgmt. adopted); 3 Hildebrand, Texas Corporations 403 (1942). In the present case, Nevada law allows the corporate entity to continue after dissolution for litigation purposes. Section 78.585 of the Nevada Revised Statutes provides, in part:

All corporations, whether they expire by their own limitation, or are otherwise dissolved, or whose charter has been forfeited, shall nevertheless be continued as bodies corporate for the purpose of prosecuting and defending suits, actions, proceedings, and claims of any kind or character by or against them . . . [Emphasis added]

Section 78.595 of the Nevada Revised Statutes specifically grants the liquidating trustees of the dissolved corporation "authority to sue for and recover" debts owed to the corporation. Thus, under Nevada law, a dissolved corporation has the legal capacity to sue, and since the question of capacity to sue in Texas is controlled by Nevada law, we conclude that Country Cupboard also has capacity to sue here.

1. In both its original and amended petitions, Country Cupboard alleges that this suit is brought "by and through its final and liquidating board of directors, as trustees for Plaintiff's

■ Although no formal motion to take judicial notice of Nevada law was made under Rule 184a of the Texas Rules of Civil Procedure, we conclude that by pleading the Nevada law in both its original and amended petitions, Country Cupboard sufficiently directed the attention of both the trial court and opposing counsel to the applicability of Nevada law. Formal motions to take judicial notice of foreign law are not necessary if the foreign law has been distinctly pleaded by the party asserting its applicability.[1] *See Gevinson v. Manhattan Construction Co. of Oklahoma,* 449 S.W.2d 458 (Tex.1969); *Utica Mutual Insurance Co. v. Bennett,* 492 S.W.2d 659 (Tex.Civ.App.— Houston [1st Dist.] 1973, no writ); *Milner v. Schaefer,* 211 S.W.2d 600 (Tex.Civ.App.— San Antonio 1948, writ ref'd).

■ In refusing to apply foreign law in *Gevinson,* our supreme court stated:

Our attention has not been directed to any *pleading* or proof concerning the law of the [foreign] state *or* to a motion that the trial court take judicial notice thereof as provided in Rule 184a, T.R.C.P. (449 S.W.2d at 465, n. 2) (emphasis added)

This language recognizes that pleading and motions under Rule 184a are *alternative* means of directing the trial court's attention to the applicability of foreign law. We note, however, that even if these pleadings were insufficient to invoke the applicability of foreign law, our decision would be the same. In the absence of proper invocation of foreign law, Texas courts must presume the foreign law to be the same as that of Texas. *Gevinson v. Manhattan Construction Co. of Oklahoma, supra.* Since art. 7.12 of the Texas Business Corporations Act and art. 1302–2.07 of the Texas Miscellaneous Corporation Act provide that Texas domestic corporations retain legal capacity to sue after dissolution, we would, under *Gevinson,* presume that Nevada law grants its

shareholders, *pursuant to Sections 78.590 and 78.595, Nevada Revised Civil Statutes.*" [Emphasis added]

corporations a similar post-dissolution capacity.

■ Texstar argues that even if Country Cupboards has capacity to sue under Nevada law, it still cannot sue in Texas without first obtaining a certificate of authority pursuant to art. 8.18(A) of the Texas Business Corporation Act.[2] A certificate of authority is a prerequisite to "transacting business" in this state, and the penalty for "transacting business" without such a certificate is the prohibition of suing in Texas courts on any cause of action "arising out of the transaction of business in this State." Tex.Bus.Corp.Act., art. 8.18 (Vernon Supp. 1978). Thus, the question before us is whether Country Cupboard's suit "arises out of the transaction of business in this state" so as to preclude the maintenance of the suit without a valid certificate of authority. We conclude that it does not so arise. Article 8.01(B)(1) of the Business Corporation Act expressly states that a foreign corporation is not considered to be "transacting business" by "[m]aintaining or defending any action or suit or any administrative or arbitration proceedings, or effecting the settlement thereof or the settlement of claims or dispute to which it is a party." Since the present suit was filed to rescind an agreement executed in settlement of a claim asserted against Country Cupboard by Texstar, we conclude that this suit does not "arise out of the transaction of business" in Texas. Accordingly, a certificate of authority is not a prerequisite to the prosecution of this particular suit. *See* *State v. Cook United, Inc.*, 463 S.W.2d 509 (Tex.Civ.App.—Fort Worth 1971) *modified*, 469 S.W.2d 709 (Tex.1971) (subject matter of suit must fall into category of litigation which foreign corporation is forbidden from bringing, and when suit does not arise from doing business in Texas, suit is not barred.) *See generally*, Hamilton, Texas Practice—Business Organizations § 987 (1973).

## Limitations

■ Texstar next contends that even if Country Cupboard has capacity to sue in Texas courts without a certificate of authority, this suit is merely an action to recover "money had and received" by Texstar, and thus is barred by the two-year statute of limitations. Tex.Rev.Civ.Stat. Ann., art. 5526 (Vernon 1958). Since the transaction sought to be set aside took place on June 22, 1972, and the present suit was not filed until June 17, 1976, the suit is barred if the two-year limitations period applies. Country Cupboard argues, however, that the suit is not one to force the disgorgement of unjust enrichment, but rather is an action to rescind a written agreement, in which case the four-year statute, article 5527 of the Texas Revised Civil Statutes, would apply, and the suit would not be barred. In order to decide this issue, we must determine the true nature of Country Cupboard's cause of action by the facts alleged in its petition, the principal rights asserted therein, and the relief sought. *Brown v. Gulf Television Co.*, 157 Tex. 607, 306 S.W.2d 706 (1957); *South Padre Development Co., Inc. v. Texas Commerce Bank National Association*, 538 S.W.2d 475, 480 (Tex.Civ.App.—Corpus Christi 1976, no writ). In its petition, Country Cupboard alleged that the present suit was filed:

. . . to rescind and cancel that certain written agreement entitled "Release" dated June 22, 1972, by and between Defendant and Plaintiff . . . and for return to the Plaintiff of the $117,000 cash consideration paid by Plaintiff to Defendant for the said agreement.

■ Traditionally, the right to rescission has depended upon the existence of a transaction which is legally valid but which, in the conscience of equity, must be set aside to avoid unjust enrichment. Dobbs, Remedies at 254–256 (1973). *See Southern Methodist University v. Evans*, 131 Tex. 333, 115 S.W.2d 622 (1938); *World Fire & Marine Ins. Co. v. Puckett*, 265 S.W.2d 641 (Tex.Civ.App.—1954, writ ref'd n. r. e.) (right to rescission presupposes the exist-

---

**2.** Country Cupboard held a certificate of authority until January, 1972, when it voluntarily withdrew the certificate during the process of liquidating its assets.

ence of an otherwise binding obligation); *cf. Cheek v. Metzer,* 116 Tex. 356, 291 S.W. 860, 863 (1927); *Adams v. Loftin,* 1 S.W.2d 429, 430 (Tex.Civ.App.—El Paso 1927, no writ) ("Rescission is the undoing of a thing."); *Stribling v. Polunsky,* 195 S.W.2d 554, 556 (Tex.Civ.App.—Austin 1946, no writ) (Rescission is an equitable remedy which extinguishes the contract despite its provisions). Thus, in order to decide whether the suit is governed by the four-year limitations period applicable to suits founded on a written instrument, we must determine whether the "release" is an instrument which must be set aside before restitution can be made. We conclude that it is. Since the release was expressly executed "in consideration of the sum of $117,000 to Texstar in hand paid by [Country Cupboards] . . .", it is clear that but for the release of liability, the money would not have been paid. The release is a valid legal document which precludes any recovery of the funds paid by Country Cupboard unless it is set aside on the equitable grounds urged in the present suit.

 We recognize the general rule that where a party sues to recover money paid under a void instrument, he cannot seek rescission, but must recover in *quantum valebant* for money had and received. *See City of Beaumont v. Moore,* 146 Tex. 46, 202 S.W.2d 448, 452 (1947); *Rayner Cattle Co. v. Bedford,* 44 S.W. 410, 413 (Tex. Civ.App.—1898) *aff'd* 91 Tex. 658, 45 S.W. 554 (1898). However, the present case does not concern a void instrument. Instruments executed under duress are not void, but merely *voidable* at the instance of the party against whom the duress is exerted. *Hall v. Odiorne,* 14 S.W.2d 870 (Tex.Civ. App.—Austin 1929, writ dism'd). Since a "voidable" instrument has legal effect until judicially set aside, *Gaston v. Copeland,* 335 S.W.2d 406 (Tex.Civ.App.—Amarillo 1960, writ ref'd n. r. e.), Country Cupboard cannot gain restitution through a suit for money had and received, but must sue for rescission of the release.

 Although Texstar urges that the release is not a "contract in writing" within the meaning of the four-year statute of limitations provided in article 5527(1), the statute has been construed broadly to include suits founded upon instruments which are not necessarily contractual in nature. As the late Chief Justice Alexander stated in *International Printing Pressmen and Assistants Union of North America v. Smith,* 145 Tex. 399, 198 S.W.2d 729 (1947):

> It is sufficient if the obligation or liability grows out of a written instrument, not remotely but immediately, or if the written instrument acknowledges the state of facts which, by fair implication, the obligation or liability arises. (198 S.W.2d at 736)

*See also City of Houston v. Anchor-Hocking Glass Corp.,* 467 S.W.2d 677, 679 (Tex.Civ. App.—Houston [1st Dist.] 1971, writ ref'd n. r. e.). Here, Country Cupboard's claim for restitution is completely dependent upon the rescission of a written instrument. Such a case falls within the broad construction of article 5527(1) enunciated in *International Pressmen and Assistants Union of North America v. Smith, supra.*

 Texstar's last argument on this point is that the written release is but part of a comprehensive settlement agreement which was partially oral and partially written. In other words, Texstar contends that the release does not embody the full agreement of the parties, and that since part of the agreement was oral, the four-year statute applicable to written instruments does not apply. To support this contention, Texstar cites *L.C.L. Theatres, Inc. v. Columbia Pictures Industries, Inc.,* 421 F.Supp. 1090, 1102 (N.D.Tex.1976) and *Barbier v. Barry,* 345 S.W.2d 557, 564 (Tex.Civ. App.—Dallas 1961, no writ), both of which hold that when an alleged contract is partly oral and partly written, it is considered an oral contract subject to the two-year statute of limitations rather than the four-year period applicable to written contracts. We cannot accept this argument, for the existence of an earlier oral agreement is a sharply contested fact issue in this case which the trial court did not decide. In its first amended petition, Country Cupboard specif-

ically denied the existence of any oral agreement, and although Texstar urges its existence, no proof of such an agreement was made in the trial court. Accordingly, for the purposes of our decision here, we must presume, at this early stage in the trial proceedings, that the release encompasses all aspects of the parties' settlement.

Finally, Texstar urges that even if the judgment of the trial court cannot be sustained on the grounds set forth in its motion to dismiss, we should still affirm because Country Cupboard's pleading fails to state a claim upon which relief could be granted. We cannot agree. This contention was not presented to the trial court in Texstar's motion to dismiss, and the scope of our review on this appeal is limited to the arguments raised in that motion. We have no authority to pass on the merits of Country Cupboard's cause of action until those issues have been adjudicated by the trial court. *Brown v. Aetna Casualty & Surety Co.*, 135 Tex. 583, 145 S.W.2d 171 (1940); *Binz v. Harwood*, 297 S.W.2d 210 (Tex.Civ.App.—Fort Worth 1957, writ ref'd).

Reversed and remanded.

GUITTARD, C. J., not participating.