The ESTATE OF Herbert
KAISER, Appellant,

v.

Myrvin H. GIFFORD, Appellee.

No. 01–84–0438–CV.

Court of Appeals of Texas,
Houston 1st Dist.

April 11, 1985.

Rehearing Denied June 27, 1985.

Floyd H. Christian, Jr., Angleton, for appellant.

Leland B. Kee, Kee & Patterson, Angleton, for appellee.

Before WARREN, DUGGAN and HOYT, JJ.

OPINION

WARREN, Justice.

This is an appeal from a take nothing judgment on appellant's suit for debt.

The court found that Herbert Kaiser, deceased, and appellee had entered into an oral installment loan agreement, but also found that the appellant estate's action to enforce payment of the loan was barred by the Statute of Frauds, prohibiting oral contracts not to be performed within one year.

 We hold that the oral installment agreement, although payable in 300 monthly installments, was not barred by the Statute of Frauds, because the deceased lender had made full performance under the agreement, thereby taking the oral agreement out of the prohibition of the statute.

In May 1975, appellee purchased a home in Brazoria County. Appellee's uncle, Herbert Kaiser, issued one check for $14,692.16 to Southwest Land Title Company as payment for the home, and one check

for $2,308 to appellee for the purchase of the household furnishings. Appellee and Kaiser never executed a written agreement providing for the repayment of the loan. However, between October 1975 and July 1979, when Kaiser died, appellee made 44 monthly payments to Kaiser totalling $6,685.14.

Following Kaiser's death in 1979, appellee quit making monthly installments, claiming that the money advanced by Kaiser was a gift rather than a loan.

After several written demands for payment of the installments were refused by appellee, Dorothy M. Kaiser, administratrix of Kaiser's estate, filed suit to recover the balance due under the loan.

After a non-jury trial, the court entered a take nothing judgment for appellee and found: (1) that Kaiser loaned appellee $17,000.16; (2) that appellee agreed to repay the $17,000.06 in 300 monthly installments of $151.49 each; (3) that appellee had paid interest and principal of $6,685.41; (4) that a principal balance of $16,276.37 was owed under the loan; (5) that the debt was barred by Tex.Bus. & Comm.Code Ann. art. 26.01(b)(6) (Tex.U.C.C.) (Vernon Supp.1985), the Statute of Frauds.

In two points of error, appellant claims that the trial court erred in holding the debt was barred by the Statute of Frauds, because there was complete performance by Kaiser, and appellee was estopped to claim the Statute of Frauds. In his second point of error, appellant claims that the trial court erred in not awarding appellant attorney's fees.

In two cross points of error, appellee claims: (1) that the trial court erred in finding that appellant's pre-trial demand for payment of the amount due under the loan agreement was not excessive, and (2) that the trial court's finding that the money furnished by Kaiser was a loan was against the great weight and preponderance of the evidence.

Article 26.01 provides in part:

(a) A promise or agreement described in Subsection (b) of this section is not enforceable unless the promise or agreement, or a memorandum of it, is

(1) in writing; and

(2) signed by the person to be charged with the promise or agreement or by someone lawfully authorized to sign for him.

(b) Subsection (a) of this section applies to:

. . . .

\*     \*     \*     \*     \*     \*

(6) an agreement which is not to be performed within one year from the date of making the agreement

In *Ware v. Poindexter Furniture & Carpet Co.*, 88 S.W.2d 718 (Tex.Civ.App.—Fort Worth 1935), *rev'd on other grounds*, 131 Tex. 568, 117 S.W.2d 420 (1938), the court held that the oral contracts to sell $7744.96 worth of furniture for $500 down with the balance to be paid in monthly installments of not less than $100, was not barred by the Statute of Frauds, because the seller had fully performed and the buyer had knowingly accepted the benefits. Thus, the court followed the rule that where one party fully performs a contract, the Statute of Frauds is unavailable to the other who knowingly accepts benefits and partly performs. *Callahan v. Walsh*, 49 S.W.2d 945 (Tex.Civ.App.—San Antonio 1932, writ ref'd). The court further cited *Texas Co. v. Burkett*, 117 Tex. 16, 296 S.W. 273 (1927), for the general rule that:

where one party to an oral contract has, in reliance thereon, so far performed his part of the agreement that it would be permitting a fraud on him to allow the other party to repudiate the contract and set up the statute of frauds in justification thereof, equity will regard the case as being removed from the operation of the statute, and will enforce the contract.

The Restatement (Second) of Contracts, sec. 130(d) (1982) sets forth the general rules regarding the inapplicability of the Statute of Frauds to our situation as follows:

If either party promises a performance that cannot be completed within a year,

the Statute applies to all promises in the contract, including those which can or even must be performed within a year. But unlike other provisions of the Statute, the one-year provision does not apply to a contract which is performed on one side at the time it is made, such as a loan of money, nor to any contract which has been fully performed on one side, whether the performance is completed within a year or not.

A great majority of jurisdictions agree with the rule that full performance by one party to an oral contract removes the contract from the prohibitions of the Statute. *See* 3 S. Williston, A Treatise on the Law of Contracts, sec. 504 (3d ed. 1970 and Supp. 1983); 2 A. Corbin, Contracts sec. 457 (1962 and Supp.1984).

In our case there was not only full performance by Kaiser, but there were 42 separate written instruments evidencing an agreement that a monthly installment of a fixed amount was payable to Kaiser in satisfaction of the debt. Allowing appellee to invoke the Statute, under these facts, would tend more to encourage fraud rather than discourage it as is contemplated by the Statute.

Appellant's first point of error is sustained.

We also sustain appellant's second point of error which contends that the court should have awarded attorney's fees to the appellant.

■ The court found: (1) that appellant made timely written demand on appellee to pay the amount owing on the debt, as required by Tex.Rev.Civ.Stat.Ann. art. 2226 (Vernon Supp.1985); (2) that the demand made was not excessive; and (3) that a reasonable attorney's fee would be $5564.23 for the trial and its preparation, and an additional $2500 would be reasonable if the case was appealed to the Court of Appeals. Based on its holding that the claim was unenforceable, the trial court correctly refused to award appellant the attorney's fees. *Magids v. Dorman,* 430 S.W.2d 910 (Tex.Civ.App.—Houston [14th Dist.] 1968, writ ref'd n.r.e.). However, since we have found that appellant is entitled to judgment on its debt, it follows that it is also entitled to reasonable attorney's fees for preparation and trial as well as those fees allowed for the appeal.

■ Appellee's first cross point urges that the trial court erred in finding that appellant's pre-trial demand for payment was excessive, because it demanded payment of the entire, accelerated amount due prior to maturity, without proving that it was entitled to accelerate the amount due. We disagree with this contention. After appellee repudiated the entire loan agreement, appellant was entitled to consider the repudiation as an anticipatory breach and sue for the entire amount due under the agreement. *Universal Life & Accident Insurance Co. v. Sanders,* 129 Tex. 344, 102 S.W.2d 405 (1937).

■ Appellee's remaining cross-point contends that the trial court's finding that the transfer of funds from Kaiser to Gifford constituted a loan was against the great weight and preponderance of the evidence. In reviewing this contention, we must review all of the evidence in the record to determine if the finding that a loan existed was so against the great weight and preponderance of the evidence as to be manifestly unjust. *In re King's Estate,* 150 Tex. 662, 244 S.W.2d 660 (1951). The evidence showed that Kaiser's check to the title company included a notation in the corner that matched the description of the land Gifford purchased with the money received from his uncle. Dorothy Kaiser, the decedent's widow, testified that she found an envelope in a box in Kaiser's closet on which he had written two notations: "May 5, 1975, loan to Myrvin Gifford" and "loan papers." She also testified that inside the box was an amortization schedule calculating monthly payments of $151.49. Also in evidence are copies of 42 checks written essentially on a monthly basis by Gifford to Kaiser in the amount of $151.49 or $152.00. Several of the checks contained the notation, "for house."

The evidence tending to show that the funds were a gift, rather than a loan, is the testimony by Gifford that the parties considered the funds a gift, copies of Gifford's income tax returns indicating that he did not claim an interest deduction for the payments to his uncle, and testimony of Kaiser's sister, who is Gifford's mother, that Kaiser had never indicated to her that the funds were a loan. We hold that the trial court's finding that the transaction was a loan is not against the great weight and preponderance of the evidence. Appellee's cross points are overruled.

The judgment of the trial court is reversed, and judgment is rendered for appellant for $16,276.37, plus attorney's fees of $8,064.23, together with interest at the legal rate as provided by statute.