**Paul McCAULEY a/k/a McCauley Construction Company, Appellant,**

v.

**DRUM SERVICE CO., INC. & Fred Rosen, Appellees.**

**No. B14–88–00530–CV.**

Court of Appeals of Texas, Houston (14th Dist.).

Rehearing Denied June 22, 1989.

Jerome K. Wade, Houston, for appellant.

Marian S. Rosen, Houston, for appellees.

Before MURPHY, ROBERTSON and SEARS, JJ.

## OPINION

SEARS, Justice.

This is an appeal from the dismissal of appellant's lawsuit for failure to state a cause of action. Appellant raises one multifarious point of error complaining that the trial court erroneously found the cause of action was barred by: (1) the statute of limitations, and (2) the statute of frauds. We affirm.

Appellant failed to cite any authority to support his contention that his lawsuit was not barred by the statute of limitations. As appellant's points of error are not supported by argument, the record, or any authority, they are waived. *See Dodson v. Kung,* 717 S.W.2d 385 (Tex.App.—Houston [14th Dist.] 1986, writ ref'd n.r.e.) and *Brown v. Capital Bank, N.A.,* 703 S.W.2d 231 (Tex.App.—Houston [14th Dist.] 1985, writ ref'd n.r.e.). *See generally* Tex.R. App.P. 74(f). Therefore, we will only address appellant's contention that the trial court erred in concluding that his lawsuit was barred by the statute of frauds.

Appellant brought suit against appellees complaining of appellees' failure to pay appellant for construction work. After appellant filed his lawsuit, appellees filed special exceptions to appellant's first amended petition. Appellant repled; however, his second amended petition lacked the requisite specificity to support a cause of action. In particular, appellant fails to show how appellee Fred Rosen is liable for work performed at the request of and on properties owned by the corporate appellees.

Appellant contends that on August 24, 1981, the work was completed and demand for payment made. The appellees refused to pay $89,081 which was the reasonable cost for the work performed. However, approximately one month after initial demand was made, appellant contends appellee entered into an oral contract to pay $5,000 per month until paid in full. Only three payments were made and the last payment of $5,000 was made December 30, 1981. Appellant contends a second oral contract was entered into by the parties on October 16, 1982, with the agreement to pay $2,500 per month until paid in full. Appellant claims appellees made only eleven installments, with the last payment received September 1, 1983. At that time, the balance due and owing was $46,581. Appellants original petition was filed March 10, 1984.

Prior to trial, appellees filed motions to dismiss appellant's lawsuit stating that as a matter of law the pleadings on their face show a violation of the statute of frauds. The record reflects that appellant did not file a response to appellees' motions to dismiss. On appeal from an order granting a motion to dismiss, the scope of appellate review is limited to the arguments raised in the motion to dismiss. *Country Cupboard, Inc., v. Texstar Corp.,* 570 S.W.2d 70, 75 (Tex.Civ.App.—Dallas 1978, writ

ref'd n.r.e.). Thus, we will review only those arguments.

Appellees' motion to dismiss relies on Section 26.01 of the TEX.BUS. & COM.CODE ANN., which provides in part:

(a) A promise or agreement described in Subsection (b) of this section is not enforceable unless the promise or agreement, or a memorandum of it, is

(1) in writing; and

(2) signed by the person to be charged with the promise ...

(b) Subsection (a) of this section applies to: ...

(6) an agreement which is not to be performed within one year from the date of making the agreement; ...

It is clear from appellant's second amended petition that the oral contracts requiring payment of $5000 per month until $89,081 was paid and $2500 per month until $46,581 was paid could not be performed within one year as required by TEX.BUS. & COM.CODE ANN. § 26.01(a), (b)(6). Appellant contends that the Statute of Frauds does not apply because he has fully performed by fully completing the work for which payment was demanded. Appellant cites *Estate of Kaiser v. Gifford*, 692 S.W.2d 525 (Tex. App.—Houston [1st Dist.] 1985, writ ref'd n.r.e.), which held that an oral installment loan agreement, though payable in 300 monthly payments, was not barred by the statute of frauds because the deceased lender had "performed" by making the loan, thereby taking the oral agreement out of the Statute of Frauds, *Kaiser*, 692 S.W.2d at 525. In the instant case, however, appellant's performance, i.e., work, labor, materials, and services rendered, took place *before* the stated oral agreements were made. The oral contracts did not call for any "performance" by appellant. Therefore, the holding in *Kaiser* is inopposite.

Where an agreement, either by its terms or by the nature of the required acts, cannot be completed within one year, it falls within the statute of frauds and must therefore be in writing to be enforceable. *Texas Employers' Ins. Ass'n v. Welch*, 643 S.W.2d 919, 920 (Tex.1982) (per curiam).

The trial court did not abuse its discretion by dismissing appellant's suit as being barred by the statute of frauds. *Mercure Co., N.V. v. Rowland*, 715 S.W.2d 677, 680 (Tex.App.—Houston [1st Dist.] 1986, writ ref'd n.r.e.). Appellant's point of error is overruled.

The judgment of the District Court is affirmed.