COURT OF
APPEALS
SECOND
DISTRICT OF TEXAS
FORT WORTH
NO. 2-02-447-CV
 
DANNY LEON LUCAS    
                                                        APPELLANT
V.
GARY L. JOHNSON, DIRECTOR       
           
           
           
    APPELLEES
OF TDC-ID, TREON R. ROBERT,
SENIOR WARDEN OF THE JAMES V.
ALLRED UNIT, JAMES D. MOONEYHAM,
ASST. WARDEN OF THE JAMES V.
ALLRED UNIT, AND SUSAN L.
SCHUMACHER, OFFENDERS ADMIN.
GRIEVANCES
------------
FROM THE 78
TH DISTRICT COURT OF WICHITA
COUNTY
------------
MEMORANDUM OPINION(1)
------------
Pro se appellant Danny Leon Lucas
("Lucas"), an inmate of the Texas Department of Criminal Justice
Institutional Division ("TDCJ"), appeals from a final order dismissing
his suit against Appellees Gary L. Johnson, et al. We affirm.
Appellant filed suit against Appellees
alleging that they violated his constitutional rights and that they conspired
against him, causing him severe emotional distress. Appellant also claimed that
Appellees have retaliated against him by constantly harassing him because he
filed grievances against them. Appellant sought compensatory damages, punitive
damages, and injunctive relief against Appellees.
Appellees moved to dismiss Appellant's
suit on the grounds that Appellant failed to comply with the provisions of
Chapter 14 of the Texas Civil Practice and Remedies Code and that his claims had
no arguable basis in law. The trial court granted Appellees' motion to dismiss
with prejudice in accordance with the Texas Civil Practice and Remedies Code
section 14.003,(2) stating that Lucas's causes of
action are frivolous.
Appellant appears to argue in two issues
that the trial court erred in dismissing his petition under Texas Civil Practice
and Remedies Code Chapter 14 and that the claims in his petition were not
frivolous.
Lucas's suit must meet the requirements of
chapter 14 of the Civil Practice and Remedies Code.(3)
The trial court's decision to dismiss a case pursuant to chapter 14 is reviewed
for an abuse of discretion.(4) To determine
whether a trial court abused its discretion, we must decide whether the trial
court acted without reference to any guiding rules or principles.(5)
The scope of our review is limited to the arguments raised in the motion to
dismiss.(6)
Appellees argued in their motion to
dismiss that Appellant failed to comply with section 14.005 and that this
failure made it impossible to determine how the administrative decisions were
resolved or whether he timely filed his lawsuit. "Compliance with section
14.005 of the Civil Practice and Remedies Code is a prerequisite to judicial
review of inmate claims."(7) Section 14.005
provides a procedural mechanism by which a trial court can ensure that an inmate
proceeding in forma pauperis has complied with the TDCJ's grievance
process before filing a claim in state court.(8)
Section 14.005(b) states that "[a] court shall dismiss a claim if the
inmate fails to file the claim before the 31st day after the date the inmate
receives the written decision from the grievance system."(9)
"A suit that is not timely filed pursuant to section 14.005(b) is barred
and may be dismissed with prejudice."(10)
From April 20, 2002, until May 14, 2002,
Appellant filed at least five grievances. Each of the five grievances was
returned to Appellant attached to a written decision from the TDCJ stating that
Appellant had failed to submit the grievances in the proper manner. The last
grievance and written decision were returned to Appellant on June 7, 2002.
Appellant filed his petition in the district court on September 19, 2002, which
was more than thirty-one days after receiving the written decision from the
grievance system.(11) Consequently, suit was not
timely filed.(12) The trial court therefore
properly dismissed it. We overrule Appellant's first issue and do not reach his
second issue.(13) We affirm the trial court's
judgment.
 
                                                                       
LEE ANN DAUPHINOT
                                                                       
JUSTICE
 
PANEL B: DAUPHINOT, GARDNER, and WALKER,
JJ.
DELIVERED: AUGUST 21, 2003

1. See Tex. R. App. P. 47.4.
2. See Tex. Civ. Prac. & Rem. Code Ann. §
14.003 (Vernon 2002).
3. See Thompson v. Henderson, 927 S.W.2d 323, 323
(Tex. App.--Houston [1st Dist.] 1996, no writ); see also Tex. Civ. Prac.
& Rem. Code Ann. §14.005.
4. Hickson v. Moya, 926 S.W.2d 397, 398 (Tex.
App.--Waco 1996, no writ).
5. See Carpenter v. Cimarron Hydrocarbons Corp.,
98 S.W.3d 682, 687 (Tex. 2002); Downer v. Aquamarine Operators, Inc.
701 S.W.2d 238, 241-42 (Tex. 1985), cert. denied, 476 U.S. 1159 (1986).
6. Roberts v. Padre Island Brewing Co., Inc., 28
S.W.3d 618, 620 (Tex. App.--Corpus Christi 2000, pet. denied); McCauley v.
Drum Serv. Co., Inc., 772 S.W.2d 135, 136 (Tex. App.--Houston [14th Dist.]
1989, writ denied); Mercure Co. N.V. v. Rowland, 715 S.W.2d 677, 680-81
(Tex. App.--Houston [1st Dist.] 1986, writ ref'd n.r.e.); County Cupboard,
Inc. v. Texstar Corp., 570 S.W.2d 70, 75 (Tex. Civ. App.--Dallas 1978, writ
ref'd n.r.e.).
7. Retzlaff v. Tex. Dep't of Criminal Justice, 94
S.W.3d 650, 652 (Tex. App.--Houston [14th Dist.] 2002, pet. denied); see
also Tex. Civ. Prac. & Rem. Code Ann. § 14.005.
8. Smith v. Tex. Dep't of Criminal Justice-Inst. Div.,
33 S.W.3d 338, 341 (Tex. App.--Texarkana 2000, pet. denied)
9.Tex. Civ. Prac. & Rem. Code Ann. § 14.005(b).
10. Id.; Moreland v. Johnson, 95 S.W.3d
392, 395 (Tex. App.--Houston [1st Dist.] 2002, no pet.).
11. See Tex. Civ. Prac. & Rem. Code Ann. §
14.005(b); see also Moreland, 95 S.W.3d at 395.
12. See Tex. Civ. Prac. & Rem. Code Ann. §
14.005(b); see also Moreland, 95 S.W.3d at 395.
13. See Tex. R. App. P. 47.1.