Danny Leon Lucas

COURT OF APPEALS

SECOND DISTRICT OF TEXAS

FORT WORTH

NO. 2-02-447-CV

DANNY LEON LUCAS APPELLANT

V.

GARY L. JOHNSON, DIRECTOR APPELLEES

OF TDC-ID, TREON R. ROBERT,

SENIOR WARDEN OF THE JAMES V.

ALLRED UNIT, JAMES D. MOONEYHAM,

ASST. WARDEN OF THE JAMES V.

ALLRED UNIT, AND SUSAN L.

SCHUMACHER, OFFENDERS ADMIN.

GRIEVANCES 

------------

FROM THE 78
TH
 DISTRICT COURT OF WICHITA COUNTY

------------

MEMORANDUM OPINION
(footnote: 1)

------------

Pro se appellant Danny Leon Lucas (“Lucas”), an inmate of the Texas Department of Criminal Justice Institutional Division (“TDCJ”), appeals from a final order dismissing his suit against Appellees Gary L. Johnson, et al.  We affirm.

Appellant filed suit against Appellees alleging that they violated his constitutional rights and that they conspired against him, causing him severe emotional distress.  Appellant also claimed that Appellees have retaliated against him by constantly harassing him because he filed grievances against them.  Appellant sought compensatory damages, punitive damages, and injunctive relief against Appellees.

Appellees moved to dismiss Appellant’s suit on the grounds that Appellant failed to comply with the provisions of Chapter 14 of the Texas Civil Practice and Remedies Code and that his claims had no arguable basis in law.  The trial court granted Appellees’ motion to dismiss with prejudice in accordance with the Texas Civil Practice and Remedies Code section 14.003,
(footnote: 2) stating that Lucas’s causes of action are frivolous.

Appellant appears to argue in two issues that the trial court erred in dismissing his petition under Texas Civil Practice and Remedies Code Chapter 14 and that the claims in his petition were not frivolous.

Lucas’s suit must meet the requirements of chapter 14 of the Civil Practice and Remedies Code.
(footnote: 3)  The trial court’s decision to dismiss a case pursuant to chapter 14 is reviewed for an abuse of discretion.
(footnote: 4)  To determine whether a trial court abused its discretion, we must decide whether the trial court acted without reference to any guiding rules or principles.
(footnote: 5)  The scope of our review is limited to the arguments raised in the motion to dismiss.
(footnote: 6)
 Appellees argued in their motion to dismiss that Appellant failed to comply with section 14.005 and that this failure made it impossible to determine how the administrative decisions were resolved or whether he timely filed his lawsuit.  “Compliance with section 14.005 of the Civil Practice and Remedies Code is a prerequisite to judicial review of inmate claims.”
(footnote: 7)  Section 14.005 provides a procedural mechanism by which a trial court can ensure that an inmate proceeding 
in forma pauperis
 has complied with the TDCJ’s grievance process before filing a claim in state court.
(footnote: 8)  Section 14.005(b) states that “[a] court shall dismiss a claim if the inmate fails to file the claim before the 31st day after the date the inmate receives the written decision from the grievance system.”
(footnote: 9)  “A suit that is not timely filed pursuant to section 14.005(b) is barred and may be dismissed with prejudice.”
(footnote: 10)
 From April 20, 2002, until May 14, 2002, Appellant filed at least five grievances.  Each of the five grievances was returned to Appellant attached to a written decision from the TDCJ stating that Appellant had failed to submit the grievances in the proper manner.  The last grievance and written decision were returned to Appellant on June 7, 2002.  Appellant filed his petition in the district court on September 19, 2002, which was more than thirty-one days after receiving the written decision from the grievance system.
(footnote: 11)  Consequently, suit was not timely filed.
(footnote: 12)  The trial court therefore properly dismissed it.  We overrule Appellant’s first issue and do not reach his second issue.
(footnote: 13)  We affirm the trial court’s judgment.

LEE ANN DAUPHINOT

JUSTICE

PANEL B: DAUPHINOT, GARDNER, and WALKER, JJ.

DELIVERED:  AUGUST 21, 2003

FOOTNOTES
1:
See 
Tex. R. App. P.
 47.4.

2:
See 
Tex. Civ. Prac. & Rem. Code Ann.
 § 14.003 (Vernon 2002).

3:
See Thompson v. Henderson
, 927 S.W.2d 323, 323 (Tex. App.—Houston [1st Dist.] 1996, no writ);
 see also 
Tex. Civ. Prac. & Rem. Code Ann.
 §14.005.

4:
Hickson v. Moya
, 926 S.W.2d 397, 398 (Tex. App.—Waco 1996, no writ).

5:
See Carpenter v. Cimarron Hydrocarbons Corp.
, 98 S.W.3d 682, 687 (Tex. 2002); 
Downer v. Aquamarine Operators, Inc.
 701 S.W.2d 238, 241-42 (Tex. 1985), 
cert. denied
, 476 U.S. 1159 (1986).

6:
Roberts v. Padre Island Brewing Co., Inc.
, 28 S.W.3d 618, 620 (Tex. App.—Corpus Christi 2000, pet. denied); 
McCauley v. Drum Serv. Co., Inc.
, 772 S.W.2d 135, 136 (Tex. App.—Houston [14th Dist.] 1989, writ denied); 
Mercure Co. N.V. v. Rowland
, 715 S.W.2d 677, 680-81 (Tex. App.—Houston [1st Dist.] 1986, writ ref’d n.r.e.);
 County Cupboard, Inc. v. Texstar Corp.
, 570 S.W.2d 70, 75 (Tex. Civ. App.—Dallas 1978, writ ref’d n.r.e.).

7:
Retzlaff v. Tex. Dep’t of Criminal Justice
, 94 S.W.3d 650, 652 (Tex. App.—Houston [14th Dist.] 2002, pet. denied); 
see also
 
Tex. Civ. Prac. & Rem. Code Ann.
 § 14.005.

8:
Smith v. Tex. Dep’t of Criminal Justice-Inst. Div.
, 33 S.W.3d 338, 341 (Tex. App.—Texarkana 2000, pet. denied)

9:
Tex. Civ. Prac. & Rem. Code Ann.
 § 14.005(b).

10:
Id.
; 
Moreland v. Johnson
, 95 S.W.3d 392, 395 (Tex. App.—Houston [1st Dist.] 2002, no pet.).

11:
See
 
Tex. Civ. Prac. & Rem. Code Ann. 
§ 14.005(b); 
see also Moreland
, 95 S.W.3d at 395.

12:
See 
Tex. Civ. Prac. & Rem. Code Ann. 
§ 14.005(b); 
see also Moreland
, 95 S.W.3d at 395.

13:
See 
Tex. R. App. P.
 47.1.