MEMORANDUM OPINION


No. 04-04-00447-CV

TEXAS NOM LIMITED PARTNERSHIPS d/b/a Garrison, Ltd. and Texas Mon, L.C.,
Appellants

v.

AKUNA MATATA INVESTMENTS, LTD.,
Appellee

From the 150th Judicial District Court, Bexar County, Texas
Trial Court No. 2002-CI-01571
Honorable Janet Littlejohn, Judge Presiding
 
Opinion by:    Catherine Stone, Justice
 
Sitting:            Catherine Stone, Justice
Karen Angelini, Justice
Sandee Bryan Marion, Justice
 
Delivered and Filed:   January 26, 2005

AFFIRMED
            The dispute in this case arises from an oral agreement whereby Akuna Matata Investments,
Inc. and Texas Nom Limited Partnership d/b/a Garrison Ltd. and Texas Mon, L.C. (collectively
“Texas Nom”) agreed to develop oil and gas wells in Colorado County, Texas. When Texas Nom
refused to pay Akuna Matata profits from the partnership, Akuna Matata sued Texas Nom under
multiple theories of liability. After a bench trial, the trial court rendered judgment for Akuna Matata. 
Texas Nom subsequently brought this appeal. We affirm the trial court’s judgment.
BackgroundJohn Mathewson and Martin O’Neill started an oil and gas exploration business in San
Antonio, Texas called Garrison, Ltd. in 1995. O’Neill is Garrison’s sole limited partner and owns
a 99% limited partnership interest in the company. The remaining 1% of Garrison is owned by its
general partner, Texas Mon.


 Mathewson is Garrison’s employee. 
            Roland Hurni-Gosman visited Mathewson approximately one year after Mathewson moved
to San Antonio to develop Garrison, Ltd. During this visit, Roland learned about an oil and gas
venture that Garrison was considering in Colorado County, Texas. Roland and O’Neill orally agreed
that Roland and his wife, Ann, would invest $250,000 from their retirement account, Akuna Matata
Investments, Ltd, in Garrison Ltd. for purposes of developing oil and gas wells in Colorado County. 
The Colorado County drilling program became known as the “Gracey Ranch” project.
            Garrison drilled its first well in Colorado County on August 22, 1998. This well, Bunge No.
1, was a profitable well. The next well drilled by Garrison, Bunge No. 2, was also profitable. The
next several wells, Evoritt No. 1 and Garrison McClanahan No. 1, however, were dry holes, which
were drilled by Garrison between August and December of 1998. Garrison drilled additional wells
in Colorado County following Garrison-McClanahan No. 1, some of which turned out to be
profitable wells.
            Roland returned to San Antonio in 1999 to check on his partnership investment. When he
returned, Roland met with Mathewson to discuss having Roland’s oral partnership agreement with
O’Neill formalized in writing. The partnership agreement, however, was never formalized in
writing. Roland returned again to San Antonio in 2001 to get his oral partnership agreement with
O’Neill formalized in writing. Yet again, Roland left San Antonio with no written partnership
agreement. 
            Akuna Matata subsequently sent multiple letters to Garrison requesting a profit distribution
on its original investment. When Garrison failed to respond to Akuna Matata’s letters, Akuna
Matata filed suit against O’Neill, Mathewson, and Texas Nom, claiming, among other things, that
O’Neill, Mathewson, and Texas Nom breached the oral partnership agreement and their fiduciary
duty to Akuna Matata. 
            The case was tried without a jury. During the bench trial, O’Neill and Texas Nom claimed
that the oral partnership agreement between Roland and O’Neill was not for developing multiple oil
and gas wells; rather, the partnership agreement was for drilling a single oil and gas well in Colorado
County. According to O’Neill and Texas Nom, there were no profits to distribute because the well
Akuna Matata invested in — Garrison-McClanahan No. 1 — turned out to be a dry hole. Thus,
O’Neill and Texas Nom claimed they did not breach any partnership agreement or fiduciary duty to
Akuna Matata. 
            After the parties rested, the trial court found in favor of Akuna Matata. The trial court
awarded Akuna Matata $225,309 in damages and $139,780 in attorney’s fees. The trial court further
entered findings of fact and conclusions of law stating, in relevant part, as follows:
8.[Akuna Matata] and Texas Nom Limited Partnership d/b/a
Garrison Ltd., had an oral partnership to develop oil and gas
leases and wells in Colorado County Texas and to share oil
and gas revenues and expenses.
 
9.The oral agreement to develop oil and gas leases and wells in
Colorado County, Texas and to share oil and gas revenues and
expenses also constituted an enforceable contract.
 
10.The scope of the agreement between [Akuna Matata] and
Texas Nom Limited Partnership d/b/a Garrison Ltd. was not
limited to the drilling of a single well.
 
11.The partnership between [Akuna Matata] and Texas Nom
Limited Partnership d/b/a Garrison Ltd. drilled a number of
producing wells in Colorado County, Texas.
 
12.The wells developed by the partnership in Colorado County,
Texas earned substantial net profits.
 
13.[Akuna Matata] fully performed its contractual and
partnership obligations by making a $250,000 capital
contribution. Accordingly, [Akuna Matata’s] performance
defeats the applicability, if any, of the statute of frauds to this
case.
 
14.The partnership made no distributions of profits to [Akuna
Matata].
 
15.Texas Nom Limited Partnership d/b/a Garrison Ltd. breached
the agreement with [Akuna Matata].

***
 
17.Further, Texas Nom Limited Partnership d/b/a Garrison Ltd.
breached its fiduciary duty to [Akuna Matata].

***
 
29.There is no evidence or insufficient evidence to support a
finding of individual liability against Martin O’Neill,
individually, or against John Mathewson, individually. 

The trial court later entered additional findings of fact and conclusions of law stating, in relevant
part, as follows:
1.[Akuna Matata] produced no credible or reliable evidence of
net profits of any partnership between [Akuna Matata] and
Defendant Texas Nom Limited Partnership d/b/a Garrison
Ltd. 
***
 
3.[Akuna Matata] received $17,400.00 by wire transfer from the
Shadowland Limited account. This amount was applied as an
offset against the amount due to [Akuna Matata]. Roland and
Ann Hurni-Gosman received $7,290.62 by wire transfer from
Shadowland Limited Account. This amount was applied as
an offset against the sum due [Akuna Matata].

Standard of Review
            We attach to findings of fact the same weight that we attach to a jury’s verdict upon jury
questions. Tucker v. Tucker, 908 S.W.2d 530, 532 (Tex. App.—San Antonio 1995, writ denied). 
However, the findings are not conclusive when a complete reporter’s record appears in the record. 
Id. Findings of fact are reviewable for legal and factual sufficiency of the evidence by the same
standards used to review jury findings. Id. 
            The trial court’s conclusions of law are always reviewable. ASI Technologies, Inc. v.
Johnson Equip. Co., 75 S.W.3d 545, 547 (Tex. App.—San Antonio 2002, pet. denied). 
“Conclusions of law will be upheld on appeal if the judgment can be sustained on any legal theory
supported by the evidence.” Tex. Dep’t of Public Safety v. Stockton, 53 S.W.3d 421, 423 (Tex.
App.—San Antonio 2001, pet. denied). Conclusions of law may not be reversed unless they are
erroneous as a matter of law. Id. 
            We review a trial court’s conclusions of law de novo as legal questions. State v. Heal, 917
S.W.2d 6, 9 (Tex. 1996). Under a de novo review, we exercise our own judgment and redetermine
each legal issue. Quick v. City of Austin, 7 S.W.3d 109, 116 (Tex. 1998). “If the controlling finding
of facts will support a correct legal theory, incorrect legal conclusions will not require a reversal.” 
Valencia v. Garza, 765 S.W.2d 893, 898 (Tex. App.—San Antonio 1989, no writ).
            When there is conflicting evidence, the existence of an oral agreement and its terms are
questions of fact. See Penwell v. Barrett, 724 S.W.2d 902, 904 (Tex. App.—San Antonio 1987, no
writ); Castillo v. Valle, No. 04-95-00180-CV, 1996 WL 195413, *2 (Tex. App.—San Antonio Apr.
24, 1996, no writ) (not designated for publication). Whether a contract falls within the statute of
frauds is a question of law to be decided by the court. Gerstacker v. Blum Consulting Eng’rs, Inc.,
884 S.W.2d 845, 849 (Tex. App.—Dallas 1994, writ denied).
Discussion
            Texas Nom challenges the trial court’s finding that an enforceable contract existed between
the parties. Specifically, Texas Nom claims there is legally insufficient evidence to support a finding
that there was an oral partnership between the parties to develop multiple oil and gas wells
throughout Colorado County. Alternatively, Texas Nom contends that the claimed oral agreement
is unenforceable under the statute of frauds. Texas Nom further challenges the trial court’s award
of damages and attorney’s fees.
The Oral Agreement In its first, third, and fourth issues, Texas Nom essentially claims there is legally insufficient
evidence to support a finding that there was an oral partnership between the parties to develop
multiple oil and gas wells in Colorado County. During trial, both O’Neill and Roland testified that
an oil and gas partnership existed between the parties. They disagreed, however, as to the terms of
the oral agreement: Roland claimed that the partnership was for developing multiple oil and gas
wells in Colorado County, while O’Neill claimed the partnership was for drilling a single well in
Colorado County. The trial court ultimately found that a partnership existed and that the partnership
was for developing multiple oil and gas wells in Colorado County. 
            A party who challenges the legal sufficiency of the evidence supporting an issue upon which
it did not have the burden of proof must demonstrate that there is no evidence to support the adverse
finding. Croucher v. Croucher, 660 S.W.2d 55, 58 (Tex. 1983). In reviewing a no evidence
complaint, we consider only the evidence and inferences supporting the finding and we disregard all
evidence and inferences to the contrary. Southwest Key Program, Inc. v. Gil-Perez, 81 S.W.3d 269,
274 (Tex. 2002). If there is any evidence supporting the finding, we must uphold the finding and
overrule the no evidence complaint. ACS Investors, Inc. v. McLaughlin, 943 S.W.2d 426, 430 (Tex.
1997).
            At trial, Roland testified that an oil and gas partnership existed between the parties to develop
oil and gas leases for a project known as “Gracey Ranch.” When O’Neill testified, he stated that 
he and Mathewson referred to Garrison’s entire drilling program in Colorado County as “Gracey
Ranch.”


 In light of this testimony, we hold the trial court had sufficient evidence to conclude the
parties had an oral agreement to develop multiple oil and gas wells in Colorado County, not just a
single well as Texas Nom claims. Because the record contains evidence to support the trial court’s
findings regarding the existence of an oral agreement and its terms, Texas Nom’s first, third, and
fourth issues are overruled.



            Alternatively, Texas Nom argues that the parties’ partnership agreement is too vague and
indefinite to be enforced. It is well-settled that the terms of an oral contract must be clear, certain,
and definite. Gannon v. Baker, 830 S.W.2d 706, 709 (Tex. App.—Houston [1st Dist.] 1992, writ
denied). “If an alleged agreement is so indefinite that it is impossible for a court to fix the legal
obligations and liabilities of the parties, it cannot constitute an enforceable contract.” Id. 
            Texas Nom contends the partnership agreement found by the trial court is too indefinite to
be enforced because: (1) the percentage of ownership of each of the partners was not defined; (2) the
oil and gas leases to be included under the partnership were not specified; (3) the number of wells
and their location was not specified; (4) the terms for contributing additional capital were not
specified; (5) the terms for distributing profits and returning capital were not specified; (6) the terms
for control of the partnership were not defined; and (7) the duration of the partnership was not
specified. We disagree.



            The record contains evidence regarding most of the parties’ partnership terms. The record
reveals that the percentage of ownership of each partner in this case was based on the relative
amounts of the partner’s capital contribution; the leases to be covered by the partnership included
all leases to be acquired in “Gracey Ranch,” i.e., Colorado County; the number and location of the
wells to be drilled included all wells in “Gracey Ranch,” i.e., Colorado County; any additional capital
for the partnership was to come solely from Texas Nom; and profits and any return on capital were
to be based on the percentage of the partner’s capital contribution.
            Although the record does not contain evidence regarding the control of the partnership or the
partnership’s duration, such omissions do not make the partnership agreement too indefinite to be
enforced. In the absence of agreement on other terms, the Texas Revised Partnership Act supplies
the missing terms. See Park Cities Corp. v. Byrd, 534 S.W.2d 668, 672 (Tex. 1976); Bunnell v.
Lewis, (No. 05-92-02558-CV, 1993 WL 290781, *5 (Tex. App.—Dallas 1993, writ denied ) (not
designated for publication). Thus, with respect to Texas Nom’s complaint concerning the duration
of the partnership, the parties’ partnership could be terminated by either party at any time. Tex. Rev.
Civ. Stat. Ann. art. 6132b-2.06 (Vernon Supp. 2004-2005). With respect to the terms of control
of the partnership, each partner maintained equal rights in the management and conduct of the
business of the partnership. Id. at art. 6132b-4.01(d). Because the parties’ oral agreement is not too
indefinite to be enforced, Texas Nom’s second issue is overruled.
Statute of FraudsIn its fifth and sixth issues, Texas Nom argues that the partnership agreement to develop oil
and gas leases is unenforceable under the statute of frauds. Akuna Matata counters that even if the
statute of frauds applies, the parties’ oral agreement is removed from the statute of frauds based on
its full performance of its partnership obligation. 
The Rule
            At trial, Akuna Matata’s interest in the oil and gas partnership was classified as a working
interest in oil and gas, where Akuna Matata shared in the risk, loss, production, and profit of the
partnership’s mineral development. “Under Texas law, a conveyance of a working interest in oil and
gas is a real property interest that subjects the agreement conveying the interest to the statute of
frauds.” Exxon Corp. v. Breezevale Ltd., 82 S.W.3d 429, 436 (Tex. App.—Dallas 2002, pet. denied). 
Thus, the interest in this case is subject to the statute of frauds. See id. 
The Exception
            When one party fully performs a contract, the statute of frauds is unavailable to the other who
knowingly accepts the benefits and partly performs. Estate of Kaiser v. Gifford, 692 S.W.2d 525,
526 (Tex. App.—Houston [1st Dist.] 1985, writ ref’d n.r.e.) (oral installment agreement, payable in
300 monthly installments not barred by statute of frauds because the deceased lender made full
performance). Here, neither party disputes that Akuna Matata contributed $250,000 in capital to the
partnership. This was Akuna Matata’s only obligation under the parties’ agreement, which it fully
performed. Moreover, Texas Nom accepted Akuna Matata’s capital contribution and used it to
finance, at least in part, the drilling of Garrison McClanahan No. 1. Therefore, the facts of this case
place it squarely within the full performance exception to the statute of frauds. See id. Accordingly,
the parties’ oral agreement is not barred by the statute of frauds.


 Texas Nom’s fifth and sixth issues
are overruled.
Damage AwardIn its seventh issue, Texas Nom contends that the trial court’s award of $225,309 in damages
cannot stand “in the absence of a finding of lost profits.” Texas Nom claims that because the trial
court made a finding that Akuna Matata “produced no credible or reliable evidence of net profits of
any partnership between Plaintiff and Defendant,” there is no trial court finding to support the court’s
award of damages. It appears, however, that the trial court did not elect to award Akuna Matata
expectancy damages for lost profits; rather, it elected to award Akuna Matata reliance damages for
its reliance on the partnership agreement. 
            “The universal rule for measuring damages for the breach of a contract is just compensation
for the loss or damage actually sustained.” Abraxas Petroleum Corp. v. Hornburg, 20 S.W.3d 741,
760 (Tex. App.—El Paso 2000, no pet.). Theories of recovery for a breach of contract include
reliance and expectancy damages. Id. Expectancy damages give the plaintiff the benefit of its
bargain by placing the plaintiff in the position it would have been in had the contract been
performed. Two Thirty Nine Joint Venture v. Joe, 60 S.W.3d 896, 910 (Tex. App.—Dallas 2001),
rev’d on other grounds, 145 S.W.3d 150 (Tex. 2004). By contrast, reliance damages seek to restore
the status quo at the time before the contract. Hart v. Moore, 952 S.W.2d 90, 97 (Tex.
App.—Amarillo 1997, writ denied). 
            In this case, Akuna Matata is entitled to reimbursement of the substantial investment it
incurred in order to perform its part of the partnership agreement. See O’Farrill Avila v. Gonzalez,
974 S.W.2d 237, 247 (Tex. App.—San Antonio 1998, pet. denied) (“Where a party makes a
substantial investment in preparation of performance or in performing the agreement, [it] is entitled
to have that investment returned.”). The trial court’s damage award is supported by both the record
and the court’s fact findings. The uncontradicted trial testimony and exhibits support the trial court’s
finding that the amount of Akuna Matata’s capital contribution to the partnership was $250,000. The
record further supports the trial court’s finding that Akuna Matata received two wire transfers
totaling $24,691 from Texas Nom during the course of the parties’ partnership. The trial court’s
damage award to Akuna Matata totaled $225,309, the exact amount of Akuna Matata’s capital
contribution to the partnership ($250,000) less the offsets paid by Texas Nom to Akuna Matata
($24,691). Accordingly, Texas Nom’s seventh issue is overruled. 
Attorney’s FeesIn its eighth issue, Texas Nom asserts that Akuna Matata is not entitled to attorney’s fees. 
The present action, however, is founded on an oral partnership agreement. Because attorney’s fees
are recoverable in a successful suit under an oral contract, Texas Nom’s eighth issue is overruled. 
See Tex. Civ. Prac. & Rem. Code Ann. § 38.001(8) (Vernon 1997) (authorizing recovery of
attorney’s fees in a successful suit under an oral contract); see also Atterbury v. Brison, 871 S.W.2d
824, 828 (Tex. App.—Texarkana 1994, writ denied).
Conclusion
            Based on the foregoing, the judgment of the trial court is affirmed.
 
Catherine Stone, Justice