*Court Of Appeals*
*Fourth Court of Appeals District of Texas*
*San Antonio*

★ ★ ★ ★ ★ ★ ★

**MEMORANDUM OPINION**

No. 04-08-00271-CV

Claudia Ivonne **MARIE**,
Appellant

v.

David R. **VELASQUEZ**,
Appellee

From the 131st Judicial District Court, Bexar County, Texas
Trial Court No. 2006-CI-08137
Honorable John D. Gabriel, Jr., Judge Presiding

Opinion by:    Rebecca Simmons, Justice

Sitting:    Karen Angelini, Justice
Sandee Bryan Marion, Justice
Rebecca Simmons, Justice

Delivered and Filed:  December 3, 2008

AFFIRMED

This appeal stems from a divorce action.  Claudia Ivonne Marie appeals the trial court's

finding of a community debt in favor of Claudia's in-laws, Jose and Olivia Velasquez.  Claudia

contends the evidence is insufficient to support the trial court's finding of a valid loan in favor of

Jose and Olivia; therefore, the trial court abused its discretion in characterizing the loan as

community debt.  Claudia also contends the trial court's enforcement of an oral agreement to repay

monies for the purchase of real property violates the statute of frauds. We affirm the trial court's judgment.

## BACKGROUND

In a divorce action filed by David R. Velasquez against Claudia, the trial court found that a loan made to the parties by Jose and Olivia was a community debt. At trial, Jose and Olivia testified they loaned the couple $107,000 to help construct a home. On direct examination, Olivia produced checks totaling $91,160.00 made payable to David. Olivia testified that the repayment arrangements were vague and that Claudia was not present when she gave David the checks. Jose testified that he could not recall whether Claudia was present. Both Jose and Olivia testified that neither David nor Claudia executed any documents to evidence their oral agreement for the financing arrangement.

David testified the arrangement was a verbal loan agreement between his parents and himself. David explained he handled all the financial transactions during the marriage and all the checks were written directly to him. David testified that he paid $8,000 back to his parents on the loan and produced accompanying checks made payable to his parents.

The trial court made a finding that the community estate owed a balance of $83,160.00 on the loan made by Jose and Olivia despite the lack of a written agreement. The amount was based on the checks written by Jose and Olivia, totaling $91,160, minus the $8,000 David testified he already paid, which was evidenced by the checks admitted into evidence.

## DIVISION OF PROPERTY

We review a trial court's community property division order under an abuse of discretion standard. *Murff v. Murff*, 615 S.W.2d 696, 699 (Tex. 1981). A trial court has wide discretion when

dividing the community property estate in a manner that it deems "just and right," and we will presume the trial court exercised its discretion properly. *Id.* To determine if a trial court abused its discretion, we analyze the following two prongs: (1) whether the trial court had sufficient information to exercise its discretion, and (2) whether the trial court abused its discretion by making a property division that is manifestly unfair and unjust. *Chacon v. Chacon*, 222 S.W.3d 909, 915 (Tex. App.—El Paso 2007). "The trial court does not abuse its discretion if some evidence reasonably supports the trial court's decision." *Butnaru v. Ford Motor Co.,* 84 S.W.3d 198, 211 (Tex. 2002).

Debts contracted during marriage are presumed to be community debt and therefore become community obligations at divorce unless there is evidence that the creditor agreed to look solely to a party's separate estate. *Wierzchula v. Wierzchula*, 623 S.W.2d 730, 732 (Tex. App.—Houston [1st Dist.] 1981, no writ). To overcome the presumption of community debt, the complaining party must rebut the presumption by clear and convincing evidence. TEX. FAM. CODE ANN. § 3.003(b) (Vernon 2006). "'Clear and convincing' evidence means the measure or degree of proof that will produce in the mind of the trier of fact a firm belief or conviction as to the truth of the allegations sought to be established." *Malekzadeh v. Malekzadeh*, Nos. 14-05-00113-CV, 14-06-00341-CV, 2007 WL 1892233, at *5 (Tex. App.—Houston [14th Dist.] July 3, 2007, no pet. ).

In this case, there is evidence that a loan was made by Jose and Olivia to David and Claudia during the existence of their marriage; thus, the loan is presumed to be community debt. Both Jose and Olivia testified that checks were made payable to their son to use to build a marital house, and David testified that he and Claudia discussed obtaining a loan from his parents frequently. Additionally, the record contains evidence of multiple checks made to David from Jose and Olivia

for the total amount of $91,160.00, and the record also contains evidence of monthly checks made to Jose and Olivia from David in the amount of $8,000, showing evidence of repayment. Accordingly, because there is some evidence that supports the trial court's finding that Jose and Olivia made a loan to Claudia and David during their marriage, the trial court did not abuse its discretion by presuming the loan to be community debt. *See Butnaru,* 84 S.W.3d at 211.

To rebut the presumption of community debt, Claudia bears the burden of showing by clear and convincing evidence that Jose and Olivia agreed to look solely to David for satisfaction of the debt. *Wierzchula*, 623 S.W.2d at 732. Here, there is no documentary evidence that Jose and Olivia agreed to look solely to their son for repayment. Nevertheless, Claudia argues she was never involved in the loan transaction between David and his parents. To support her position, Claudia contends David was in charge of all financial matters. At trial, David testified he handled all the transactions involving the loan and all the checks were written directly to him. Claudia further alleges any money given by Jose and Olivia was a gift. However, Claudia's lack of involvement in the loan transaction does not rise to the level of clear and convincing evidence to rebut the presumption of community debt, particularly when we consider the totality of the circumstances in which the debt arose. *See Cokerham v. Cockerham*, 527, S.W.2d 162, 171 (Tex. 1975).

Claudia extensively cites *Sprick v. Sprick*, 25 S.W.3d 7 (Tex. App.—El Paso 1999, pet. denied)*,* as authority for her proposition that the trial court relied on insufficient evidence when it made a finding of a debt against the community estate. In *Sprick*, the El Paso court affirmed a trial court's finding of an unsecured loan against the community estate. *Id*. at 10. Claudia distinguishes this case from *Sprick* by explaining that *Sprick* involved a written promissory note, while this case involves a mere verbal agreement; therefore, according to Claudia, there is insufficient evidence for

a finding of a valid loan due to the lack of a written agreement. *See id.* Although the testimony in this case does establish that the loan was a verbal agreement, some evidence was presented to establish that Jose and Olivia loaned money to the couple, and Claudia has failed to overcome the clear and convincing evidence standard necessary to rebut the presumption of community debt. *See Butnaru,* 84 S.W.3d at 211; *Wierzchula*, 623 S.W.2d at 732.

## STATUTE OF FRAUDS

Claudia further argues that the loan arrangement was an oral agreement for the purchase of real property and is therefore barred by the statute of frauds. Claudia asserts the time frame for repayment was ambiguous at best and could not be performed within one year from the date of the original agreement. Additionally, Claudia points out that David did not even begin performance on the agreement by making payments until four years after the loan was made; therefore, the oral agreement is barred by the statute of frauds.

Whether an oral agreement to repay monies given for the purchase of real property violates the statute of frauds is a question of law. *Gerstacker v. Blum Consulting Eng'rs., Inc.,* 884 S.W.2d 845, 850 (Tex. App.—Dallas 1994, writ denied). The statute of frauds applies to agreements that are "not to be performed within one year from the date of the making of the agreement." TEX. BUS. & COM. CODE ANN. § 26.01(a)(6) (Vernon 2002). "Thus, when a promise or agreement, either by its terms or by the nature of the required performance, cannot be completed within one year, it falls within the Statute and must be in writing to be enforceable." *Case Corp. v. Hi-Class Business Systems of America, Inc.*, 184 S.W.3d 760, 777 (Tex. App.—Dallas 2005, pet. denied). However, the one-year provision does not apply to 1) "a contract which is performed on one side at the time it is made, such as a loan of money," or 2) "any contract which has been fully performed on one side,

whether the performance is completed within a year or not." *Estate of Kaiser v. Gifford*, 692 S.W.2d 525, 527 (Tex. App.—Houston [1st Dist.] 1985, writ ref'd n.r.e.). Accordingly, we follow the rule that "full performance by one party to an oral contract removes the contract from the prohibitions of the Statute regardless of whether performance is completed within a year or not." *Id.*

In this case, the statute of frauds does not bar the oral loan agreement between the community estate and Jose and Olivia. While the statute of frauds requires agreements that cannot be performed within a year to be in writing, the one-year provision does not apply to an agreement if one side of the agreement has been fully performed. *Estate of Kaiser*, 692 S.W.2d at 525. Here, Jose and Olivia fully performed their side of the loan agreement as evidenced by the multiple checks made payable to David for $91,160.00. Therefore, the enforcement of the oral loan was not barred by the statute of frauds.

## CONCLUSION

Because Claudia failed to rebut the presumption that the loan made by Jose and Olivia was community debt and the statute of frauds does not bar its enforcement, we affirm the trial court's judgment.

Rebecca Simmons, Justice