## LONE STAR FINANCE CORPORATION v. SCHELLING et al.

### No. 9533.

Court of Civil Appeals of Texas. San Antonio.

Feb. 27, 1935.

Rehearing Denied March 27, 1935.

Newton & Gittinger, of San Antonio, for plaintiff in error.

Barrett & Taylor, of San Antonio, for defendants in error.

SMITH, Justice.

This action was brought by E. Schelling and wife against Lone Star Finance Corporation and Auto Refinance Corporation to recover the value of an automobile and certain other personal property belonging to the Schellings and alleged to have been wrongfully taken from them and sold by the corporations. Upon favorable jury findings on all phases of the case, the Schellings recovered judgment against both defendants, jointly and severally; but the Lone Star Finance Corporation, alone, has appealed.

In paragraph "Fifth" of their third amended original petition, defendants in error alleged: "That on or about the 8th day of July, 1932, defendants acting by and through H. P. Preston and Harold E. Lowe, their agents,

servants and employees, who were then acting within the scope of their employment, and in furtherance of defendants' business, unlawfully entered the garage of plaintiffs in the city of Detroit, Michigan, and opened the lock upon said garage door and removed said automobile therefrom without the consent or prior knowledge of plaintiffs. That they have sold said automobile and have appropriated the proceeds of said sale to their own use and benefit. That defendants appropriated said car to their own use and benefit and have failed to return same to plaintiffs. That in addition to removing said automobile from said garage and appropriating same and selling same, said defendants, acting by and through their agents, servants and employees as above described, removed and appropriated to their own use and benefit and deprived plaintiff of the use and benefit of the following described personal property belonging to plaintiffs, to-wit: * * *"

In a trial amendment, filed in the course of the trial, defendants in error alleged:

"That there shall be added to said pleading (said third amended original petition) paragraph eight as follows:

"That all of the acts of seizing and selling the above described automobile and the above described personal property, as set forth above, were done by the Auto Refinance Corporation, acting by and through its agents, servants and employees in Detroit Michigan, as set forth above and acting by and through its agents, servants and employees, Sam Radinsky, Jerome Lubel and Al Cohen, in San Antonio, Texas, in the months of July, August and September, 1932. That the act of selling said automobile on or about September 3, 1932, was performed by Jerome Lubel in the presence of Al Cohen and Sam Radinsky who aided and assisted him in said transaction, and said acts of Jerome Lubel, Al Cohen and Sam Radinsky, were the acts of defendant, Auto Refinance Corporation, and said agents, servants and employees were then and there acting within the scope of their employment and in the furtherance of the business of the Auto Refinance Corporation."

It will be observed that in the original pleading defendants in error charged the conversion to the agents of both corporations, whereas, in the trial pleading the wrongful acts were charged specifically to the agents of the Auto Refinance Corporation, thereby effectually excluding the Lone Star Finance Corporation from responsbility for the sole injury complained of by defendants in error.

■ Plaintiff in error challenges the judgment as against the Lone Star concern, upon the ground that defendants in error's pleadings do not support the judgment. Obviously, the point is well taken, for, when analyzed, the trial pleadings of defendants in error not only do not charge any wrongful acts against the Lone Star Corporation, but negative the liability of that concern by affirmatively charging the wrongs complained of to the other corporation. In this state of the pleadings, defendants in error could not properly recover from plaintiff in error.

■ The judgment was also erroneous in that interest was therein awarded to defendants in error from the date of the conversion, in the absence of pleading or jury finding therefor.

The jury found, in response to one question, that defendants in error's automobile was "repossessed" by the agents of the Lone Star Finance Corporation; and, in response to another question, that the agent who "repossessed" the car was "acting for" the Auto Refinance Corporation. Plaintiff in error assigns error upon these findings, contending that they are in irreconcilable conflict. It is obvious that the findings are, in a sense, inconsistent; but they were to be expected, in view of the showing in the record that those two corporations have identical and interchangeable offices, officers, agents, objects, and methods, by which their obligations and liabilities are shifted and manipulated, both in and out of court, to the confusion of those dealing or litigating with them.

Nevertheless, the judgment as to plaintiff in error, Lone Star Refinance Corporation, must be reversed and the cause remanded as to it, but the judgment as against the Auto Refinance Corporation, from which no appeal was taken, must be affirmed at its cost.