**CITY OF HOUSTON, Appellant,**

v.

**ANCHOR–HOCKING GLASS CORPORATION, Appellee.**

No. 15761.

Court of Civil Appeals of Texas,
Houston (1st Dist.).

April 22, 1971.

Rehearing Denied May 20, 1971.

**678**

William A. Olson, City Atty., Joseph G. Rollins, Senior Asst.. City Atty., Houston, for appellant.

James R. Coffee, Houston, for appellees, Baker & Botts, Houston, of counsel.

COLEMAN, Justice.

This suit was instituted by appellee, hereinafter called Anchor-Hocking, to recover the sewer charges inadvertently made by and paid to appellant, hereinafter called City, for services which were not rendered. After trial to the court on stipulations of fact judgment was rendered for appellee for the amount paid within four years from the date of suit plus pre-judgment interest.

The principal issue is whether the two year statute of limitations, Article 5526, V.A.C.S., rather than the four year statute, Article 5527, V.A.C.S., is applicable under the facts of this case. This, in turn, depends on whether the cause of action was based on a contract in writing.

The parties stipulated that on or about April 16, 1962, Anchor-Hocking and City entered into a written contract with each other and the City of Jacinto City wherein the parties agreed that the City of Jacinto City would provide sanitary sewer service to Anchor-Hocking's plant No. 18 until such time as sanitary sewer facilities could be provided such plant by City. They agreed that Anchor-Hocking would pay certain fees to Jacinto City, and the City of Houston agreed not to charge Anchor-Hocking for sewer service during the period ·it was unable to provide such service, and the service was provided by Jacinto City at appellee's expense. City did not provide any sanitary sewer service to Anchor-Hocking from the date of the contract through January 1968. Jacinto City did provide such service at Anchor-Hock-

ing's expense. From October, 1962, through January, 1968, City inadvertently included in regular billing for water consumption sent to Anchor-Hocking a sewer service charge, which Anchor-Hocking, inadvertently and through clerical mistake, paid. The sewer service charge is based on water consumption, and fluctuates with the amount of water used. The bills sent to Anchor-Hocking by City showed the charge for sewer service separate from that for water. City discontinued billing for the sewer service when the applicable contract provision was called to its attention. City's refusal to process appellee's request for a refund was dated March 20, 1968. This suit was filed April 12, 1968.

Appellee does not question the proposition that its cause of action is governed by Article 5526, V.A.C.S., if it does not come within that provision of Art. 5527, V.A.C.S., providing that actions for debt shall be commenced within four years after the cause of action shall have accrued where the indebtedness "is evidenced by or founded upon any contract in writing."

The leading case interpreting this provision of Article 5527, supra, is International Printing Pressmen and Assistants' Union of North America v. Smith, 145 Tex. 399, 198 S.W.2d 729 (1946). In the opinion by Chief Justice Alexander, the Court said:

"* * * It is sufficient if the obligation or liability grows out of a written instrument, not remotely but immediately, or if the written instrument acknowledges a state of facts from which, by fair implication, the obligation or liability arises."

The Court also recognized as valid the rule of Robinson v. Varnell, 16 Tex. 382 (1862), that "the words 'action for debt', as used in the statute, included suits brought to recover money for the breach of contract without regard for the technical distinction between debts and damages * * *"

While no ordinances were either plead or proved requiring the payment of a sew-er service charge by all water customers, the court properly could have drawn such a conclusion from certain facts in evidence. Appellee was billed on regular forms for sewer service at a rate based on the amount of water used. The contract provided that the City of Houston would pay the monthly charge made by Jacinto City unless the City of Houston should establish a sewer charge, in which event appellee would make the payments to Jacinto City. The contract was executed by the City of Houston on April 16, 1962. Appellee was billed for sewer charges by the City of Houston on November 14, 1962, and each month thereafter until the contract was brought to its attention early in 1968.

■ The trial judge might have concluded that the City of Houston levied a sewer service charge on water users on a date prior to November, 1962; that the charge would have been a valid claim against Anchor-Hocking except that the City bound itself by contract not to make such a charge. This provision of the contract was violated by City. Even though the violation was not intended, it resulted in damage to appellee, which appellee was entitled to recover in this action. The contract acknowledges a state of facts from which, by fair implication, the liability of City arises. The four year statute of limitation is applicable. Certain-Teed Products Corporation v. Bell, 422 S.W.2d 719 (Tex.1968); Gulf Oil Corporation v. Lone Star Producing Co., 322 F.2d 28 (5th Cir. 1963).

■ The trial court allowed appellee interest at the rate of six per cent on each overpayment from the date of the payment amounting to the sum of $2,450.00. In this respect the trial court erred. Appellee set out the exact amount of each overpayment in an exhibit attached to its petition. There was an allegation that the City had been overpaid in the total sum of $10,201.-11, "for which sum Plaintiff here and now brings this suit." There was a prayer for general relief. There was no allegation

that plaintiff was entitled to interest as damages nor did the petition contain a prayer that interest be awarded.

Interest may not be allowed where there is neither a prayer for interest as damages, nor a prayer for general relief and a claim for damages in such sum as to include interest in addition to the specific damages claimed. West Lumber Co. v. Henderson, 252 S.W. 1044 (Tex.Com.App.1923); Gulf States Paint Co. v. Kornblee Co., 390 S. W.2d 356 (Tex.Civ.App.—Texarkana 1965, writ ref., n. r. e.); Pereira v. Gulf Electric Co., 343 S.W.2d 334 (Tex.Civ.App.—Waco 1960, error ref., n. r. e.); Lone Star Finance Corporation v. Schelling, 80 S.W. 2d 358 (Tex.Civ.App.—San Antonio 1935); Berryman v. Norfleet, 41 S.W.2d 722 (Tex.Civ.App.—Amarillo 1931, writ dism'd); Bering Mfg. Co. v. W. T. Carter & Bro., 255 S.W. 243, affirmed 272 S.W. 1105 (Tex.Com.App.1925).

The judgment is reformed so as to delete the $2,450.00 item allowed as interest, and, as reformed, is affirmed.