Robert **GONZALES**, et ux., Appellants,

v.

**LOCKWOOD LUMBER CO.,**
et al., Appellees.

No. B14–83–308CV.

Court of Appeals of Texas,
Houston (14th Dist.).

March 1, 1984.

Rehearing Denied March 29, 1984.

---

*   *   * .   *   *   *

**814**

Conway L. Wallace, Houston, for appellants.

Meyer Jacobson, Houston, for appellees.

Before PAUL PRESSLER, ROBERTSON and ELLIS, JJ.

## OPINION

ROBERTSON, Justice.

This appeal is from a judgment non obstante veredicto. Appellants brought suit against Lockwood Lumber Co. and appellee Lorraine Sipe seeking money damages for wrongful foreclosure of a deed of trust. This foreclosure took place on or about November 4, 1975. The original petition was filed against Lockwood Lumber Co. on May 12, 1976. Appellee Lorraine Sipe ("Sipe") was added as a defendant in an amended petition on September 1, 1978. Sipe plead as a defense the "Texas Two Year Statute of Limitations." The jury found that appellants had not defaulted on the debt in question when Sipe caused the foreclosure sale of their property. After the verdict, the trial court found that appellants' cause of action against Sipe was barred by limitations and rendered the take-nothing judgment from which appellants take this appeal.

Appellants' first point of error complains of the trial court's determination that the cause of action against Sipe was barred by the two year statute of limitations. Appellants argue that the four year statute of limitations applies and thus their suit was not barred. We agree. At the outset we note no case has been found expressly holding which limitations statute is applicable to a cause of action for wrongful foreclosure of a deed of trust. TEX. REV.CIV.STAT.ANN. art. 5527 (Vernon 1958), in effect when the cause of action arose, provides:

> There shall be commenced and prosecuted within four years after the cause of action shall have accrued, and not afterward, all actions or suits in court of the following description:
>
> 1. Actions for debt where the indebtedness is evidenced by or founded upon any contract in writing.

TEX.REV.CIV.STAT.ANN. art. 5526 (Vernon 1958) provides:

There shall be commenced and prosecuted within two years after the cause of action shall have accrued, and not afterward, all actions or suits in court of the following description:

1.  Actions of trespass for injury done to the estate or the property of another.

Basically, the 2-year statute applies to actions founded in tort while the 4-year statute applies to actions founded in contract. The case of *International Printing Pressmen and Ass'ts. Un. v. Smith,* 145 Tex. 399, 198 S.W.2d 729 (Tex.1946) is instructive in this matter:

> ... Generally speaking, "actions in contract and in tort are to be distinguished in that an action in contract is for the breach of a duty arising out of a contract either express or implied, while an action in tort is for a breach of duty imposed by law." 1 C.J.S., Actions § 44, p. 1098. It is sometimes said that "if the action is not maintainable without pleading and providing and proving the contract, where the gist of the action is the breach of the contract, either by malfeasance, or nonfeasance, it is, in substance, an action on the contract, whatever may be the form of the pleading." 1 Am.Jur. 442.

*Id.* 198 S.W.2d at 735. The Texas Supreme Court then went on to say: "(i)t is sufficient if the obligation or liability grows out of a written instrument, not remotely but immediately, or if the written instrument acknowledges a state of facts from which, by fair implication, the obligation arises." *Id.* 198 S.W.2d at 736.

The case at bar is a suit for wrongful foreclosure of a deed of trust. The trial below concerned issues as to whether the terms of the deed of trust authorizing foreclosure in certain circumstances were in fact complied with. This suit is obviously grounded on a written contract and the 4-year statute of limitations should have been applied. The foreclosure took place on or about November 4, 1975 and appellee Sipe was properly added as a party on September 1, 1978. Thus the cause of action was not barred by the 4-year statute of limitations. The trial court erred in granting the judgment non obstante veredicto.

■ Pursuant to Rule 434, TEX.R. CIV.P., we reverse the trial court's judgment and render the judgment the trial court should have rendered. The parties stipulated that the value of the property in question on November 4, 1975 the date of foreclosure, was $13,500. Therefore, judgment shall be entered providing that appellants Robert Gonzales, and wife, Mary M. Gonzales, do have and recover of and from appellee, Kathryn Lorraine Sipe, the sum of Thirteen Thousand Five Hundred and No/100 Dollars ($13,500), together with costs of court and post judgment interest at the rate of 9% per annum on $13,500 from February 1, 1983, that being the date the judgment non obstante veredicto was signed. *Olin Corp. v. Cargo Carriers, Inc.,* No. 82–551 (Tex.App.—Houston [14th Dist.] February 16, 1984, no writ) (not yet reported). Appellants have waived their right to prejudgment interest by failing to plead for it. *Black Lake Pipe Line Co. v. Union Const. Co.,* 538 S.W.2d 80, 96 (Tex. 1976). A prayer for general relief is insufficient to support an award of prejudgment interest. *City of Houston v. Anchor-Hocking Glass Corp.,* 467 S.W.2d 677 (Tex. Civ.App.—Houston [1st Dist.] 1971, writ ref'd n.r.e.). It is so ordered.

### ON APPELLEES' MOTION FOR REHEARING

■ Appellees complain of our failure to address their "Counterpoint Number Two" set out in their original brief which, by way of argument, asserted the granting of judgment notwithstanding the verdict was proper because "there was absolutely no evidence to support" the jury answers. We doubt the contention is properly presented for our consideration. See *Jackson v. Ewton,* 411 S.W.2d 715 (Tex.1967). In any event, appellees are in no position to make such argument for the reason that the judgment notwithstanding the verdict, drawn and approved only by appellees' counsel, *expressly* provides that it was granted solely because the cause of action "was barred by limitations." Furthermore, had the trial court granted judgment notwithstanding the verdict because of the

state of the evidence, reversal would be dictated because there is not only some evidence, but abundant evidence to support the jury answers.

The motion for rehearing is overruled.