IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

September 22, 2008

Charles R. Fulbruge III
Clerk

No. 07-20722

JOSEPH HOWARD, JR, presently known as Joe Traxx

Plaintiff-Appellant

v.

SONY MUSIC BMG ENTERTAINMENT

Defendant-Appellee

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:06-CV-3133

Before BARKSDALE, BENAVIDES, and DENNIS, Circuit Judges.

PER CURIAM:[*]

For this appeal from a Rule 54(b) judgment, Joseph Howard, Jr. challenges an adverse summary judgment for his claims against Sony Music BMG Entertainment. FED. R. CIV. P. 54(b) (permitting entry of a final judgment as to one or more, but fewer than all, claims or parties). These claims stemmed from a dispute involving music-industry royalties and were primarily rooted in Texas contract law and in the Copyright Act, 17 U.S.C. § 101 et seq. AFFIRMED.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

I.

In his amended complaint, Howard, a self-described music composer and producer, alleged, inter alia, that his copyrighted musical composition was used for a song included in a 2002 album distributed by Sony. Howard contended that Sony and other parties involved in the album's production were obligated to compensate him.

When Howard did not receive compensation, he commenced this action against Sony and others involved in the album's production. (Of course, those claims against other parties are not included in the instant Rule 54(b) judgment.) Against Sony, Howard asserted claims for: breach of contract; fraud; negligent misrepresentation; and violations of the Copyright Act and the Texas Theft Liability Act, TEX. CIV. PRAC. & REM. CODE ANN. § 134.001 (Vernon 2007) et seq.

Addressing only Howard's claims against Sony, the district court granted summary judgment in favor of Sony on 31 August 2007. The Rule 54(b) judgment was entered that day.

II.

A summary judgment is reviewed de novo, applying the same standard as did the district court. E.g., Wheeler v. BL Dev. Corp., 415 F.3d 399, 401 (5th Cir. 2005). Such judgment is appropriate if there is no genuine issue of material fact and the movant is entitled to judgment as a matter of law. FED. R. CIV. P. 56(c). "We resolve doubts in favor of the nonmoving party and make all reasonable inferences in favor of that party." Dean v. City of Shreveport, 438 F.3d 448, 454 (5th Cir. 2006). No genuine issue of material fact exists, however, if, based on the summary-judgment evidence, no reasonable juror could find for the nonmovant. E.g., Jenkins v. Methodist Hosps. of Dallas, Inc., 478 F.3d 255, 260 (5th Cir.), cert. denied, 128 S. Ct. 181 (2007).

Generally, to survive summary judgment, a plaintiff must, inter alia, provide sufficient evidence to create a genuine issue of material fact. E.g., Celotex Corp. v. Catrett, 477 U.S. 317, 324-25 (1986); Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 249 (1986). "This Court has cautioned that conclusory allegations, speculation, and unsubstantiated assertions are inadequate to satisfy the nonmovant's burden in a motion for summary judgment." Ramsey v. Henderson, 286 F.3d 264, 269 (5th Cir. 2002) (citation and internal quotation marks omitted); see also FED. R. CIV. P. 56(e)(2) ("party may not rely merely on allegations or denials in its own pleading").

Howard maintains, inter alia: Sony is bound by an implied contract to pay royalties; and Howard has provided summary-judgment evidence sufficient to establish claims for fraud and negligent misrepresentation and for violations of the Copyright and Texas Theft Liability Acts.

In granting summary judgment to Sony, the district court concluded, inter alia: Howard's breach-of-contract, fraud, and misrepresentation claims were inadequately supported because Howard had provided no evidence of an enforceable contract with Sony; Howard's Copyright Act claims were, inter alia, barred by the statute of limitations; and Howard had failed, inter alia, to provide adequate support for his Texas Theft Liability Act claims. Howard v. Sony BMG Music Entm't, No. H-06-3133, slip op. at 2-3 (S.D. Tex. Aug. 31, 2007).

Howard's written contracts concerning use of his material were not with Sony. He fails, inter alia, to provide summary-judgment evidence that creates a genuine issue of material fact concerning his claims against Sony. Essentially for the reasons stated by the district court in its well-reasoned opinion, summary judgment is proper.

### III.

For the foregoing reasons, the Rule 54(b) judgment is AFFIRMED.