**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

United States Court of Appeals
Fifth Circuit

**F I L E D**

November 13, 2009

Charles R. Fulbruge III
Clerk

No. 08-20345

JOSEPH HOWARD, JR., p/k/a Joe Traxx

Plaintiff - Appellant

v.

WESLEY ERIC WESTON

Defendant - Appellee

Appeal from the United States District Court for the
Southern District of Texas, Houston Division
USDC No. 4:06-CV-3133

Before GARWOOD, OWEN, and SOUTHWICK, Circuit Judges.

PER CURIAM:[*]

Joseph Howard, Jr. filed this breach of contract and copyright action against a number of defendants seeking money allegedly owed for a musical composition Howard produced. The district court entered a default judgment against Defendant Wesley E. Weston, but Howard was granted no relief. The district court also denied Howard attorney's fees and costs. We AFFIRM.

FACTS AND PROCEDURAL HISTORY

Howard, a self-described solo musician and producer, alleges that the defendants failed to compensate him for the incorporation of one of his musical

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

compositions into a song recorded by Defendants Suckafree Records, Inc. and Wesley E. Weston and released and distributed by Defendant Sony BMG Music Entertainment, Inc.

In October 2006, Howard filed suit against Weston, Sony, Suckafree, Estelle D. Hobbs who is the CEO of Suckafree, and two other parties involved in the album's production - Hobbs Publishing Company and Lucky Publishing Company. The theories included breach of contract, copyright infringement, a declaration of joint ownership, an accounting, negligent misrepresentation, fraud, and theft under the Texas Theft Liability Act.

Not all of the original claims are in the present appeal. For example, claims were dismissed against Sony, and we affirmed. *See Howard v. Sony*, No. 07-20722, 2008 WL 4302220 (5th Cir. Sept. 22, 2008). Because Weston failed to plead, the district court clerk entered a default against him in February 2007. In November 2007, the district court declined to set aside the default because it found that Weston willfully failed to respond to Howard's complaint.

Despite the default, Howard was awarded no damages on his breach of contract and copyright ownership claims against Weston. Further, Howard had abandoned any claim for relief against Weston for fraud, negligent misrepresentation, and under the Texas Theft Liability Act. The district court entered a final judgment in favor of Howard with an award of zero damages for all of Howard's claims against Weston. Howard was also denied all attorney's fees and costs because he was not a prevailing party.

## DISCUSSION

### A. Entry of Default

We review a district court's decision to enter default judgment for abuse of discretion. *Smith v. Smith*, 145 F.3d 335, 344 (5th Cir. 1998). An entry of default "does not establish the amount of damages. After a default judgment, the plaintiff's well-pleaded factual allegations are taken as true, except

regarding damages." *U.S. of Am. for Use of M-Co Constr., Inc. v. Shipco Gen., Inc.*, 814 F.2d 1011, 1014 (5th Cir. 1987) (internal citations omitted). Accordingly, we determine whether the well-pleaded allegations in Howard's amended complaint constitute a breach of contract or copyright claim against Weston that would warrant damages.

*1. Breach of Contract Claims*

There are two contracts under which Howard might have a claim for relief: the Producer Agreement and the Mechanical License Agreement. These agreements were attached to the amended complaint and are "part of the pleadings for all purposes." *Nishimatsu Constr. Co. v. Houston Nat'l Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975). Howard argues that Weston is personally liable for the royalties due under both contracts. However, a contract "generally binds no one except the parties to it. And courts generally cannot bind a nonparty to a contract because the nonparty never agreed to the contract's terms." *BML Stage Lighting, Inc. v. Mayflower Transit, Inc.*, 14 S.W.3d 395, 400 (Tex. App. - Houston [14th Dist.] 2000) (citations omitted). The Producer Agreement is between Howard and Suckafree, and the Mechanical License Agreement is between Suckafree and Malaco, Inc. on behalf of Howard; Weston did not sign either agreement.

Despite Weston being a party to neither contract, Howard argues Weston is a co-CEO of Suckafree, is required to indemnify Suckafree for the amounts owed to Howard, and is equitably responsible under quantum meruit. Because of the default, Weston cannot challenge the sufficiency of the evidence, but he "is entitled to contest the sufficiency of the complaint and its allegations to support the judgment." *Nishimatsu*, 515 F.2d at 1206. In the amended complaint, Howard sued Weston in his individual capacity. Howard did not plead that Weston was a co-CEO of Suckafree, that Weston was personally liable, or that Weston was liable under a theory of quantum meruit or as an indemnitor.

There was neither pleading nor evidence to support these theories. Howard is not entitled to damages based on breach of contract.

*2. Copyright Claims*

Howard's amended complaint alleges he and Weston are joint owners of the master recording for *R.I.P. Screw*. Howard requests an accounting from Weston to determine the amount he is owed as a co-owner. A duty to account to other co-owners arises from "general principles of law governing the rights of co-owners." *Quintanilla v. Tex. Television Inc.*, 139 F.3d 494, 498 (5th Cir. 1998) (quoting *Goodman v. Lee*, 78 F.3d 1007, 1012 (5th Cir. 1996)). This right of accounting may only be enforced against a joint owner. 1 MELVILLE B. NIMMER & DAVID NIMMER, NIMMER ON COPYRIGHT § 6.12[B].

A joint owner may transfer his interest without the other co-owner's consent. "In such circumstances the transferor ceases to be a joint owner, and the transferee. . . becomes a joint owner. It follows, then, that the obligation of a joint owner to account for profits from use and from licensing obtains as to a[] transferee." NIMMER ON COPYRIGHT § 6.12[C][1].

Under Section 204(a) of the Copyright Act, a transfer of copyright ownership is not valid unless the conveying instrument "is in writing and signed by the owner of the rights conveyed or such owner's duly authorized agent." 17 U.S.C. § 204(a). These requirements were met. In the Producer Agreement, Howard transferred his copyright ownership rights to Suckafree. Further, Weston transferred his ownership rights to Sony. Howard cannot bring an action to enforce the copyright rights he no longer owns, and he may not seek an accounting and damages from someone with no ownership interest in the copyrighted work. The district court did not abuse its discretion.

B. *Award of Attorney's Fees*

The district court found that Howard was not a prevailing party because he was awarded no damages or other relief as a result of Weston's default. We

review a denial of attorney's fees for abuse of discretion. *Camacho v. Tex. Workforce Comm'n*, 445 F.3d 407, 409 (5th Cir. 2006).

To be awarded attorney's fees and costs under Section 505 of the Copyright Act and Federal Rule of Civil Procedure 54, Howard must be a prevailing party. 17 U.S.C. § 505; Fed. R. Civ. Proc. 54(d). A prevailing party must: (1) obtain actual relief that (2) materially alters the legal relationship between the parties and (3) modifies the defendant's behavior in such a way that benefits the plaintiff at the time of the judgment. *Dearmore v. City of Garland*, 519 F.3d 517, 521 (5th Cir. 2008). "To become a prevailing party, a plaintiff must obtain, at an absolute minimum, actual relief on the merits of [the] claim." *Farrar v. Hobby*, 506 U.S. 103, 116 (1992) (O'Connor, J., concurring) (internal citations and quotation marks omitted). Howard obtained no damages or other relief despite the entry of default against Weston.

The district court did not err in finding that Howard does not qualify as a prevailing party and should not be awarded attorney's fees and costs. *Cf. Farrar*, 506 U.S. at 112 ("To be sure, a judicial pronouncement that the defendant has violated the Constitution, unaccompanied by an enforceable judgment on the merits, does not render the plaintiff a prevailing party. Of itself, the moral satisfaction [that] results from any favorable statement of law cannot bestow prevailing party status." (internal quotation marks and citation omitted) (alteration in original)).

We AFFIRM the district court.