# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 14-10671
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

November 7, 2014

Lyle W. Cayce
Clerk

SHARLEEN O. JEANBAPTISTE,

Plaintiff–Appellant

v.

WELLS FARGO BANK, N.A.,

Defendant–Appellee

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 3:14-CV-264

Before PRADO, OWEN, and GRAVES, Circuit Judges.

PER CURIAM:*

Sharleen Jeanbaptiste challenges the district court's grant of Wells Fargo Bank's (Wells Fargo) motion to dismiss on the grounds that: (1) her claims are not time-barred; (2) she was not granted an opportunity to amend her complaint; and (3) she stated claims upon which relief could be granted. As her claims are barred by statutes of limitation, we affirm.

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 14-10671

## I

Jeanbaptiste bought a home during the summer of 2000 with a mortgage loan. Wells Fargo later became the mortgage servicer on the loan. After Jeanbaptiste began struggling financially, she and the bank entered into two successive loan modification agreements; she continued to make payments during this time. In 2008, Wells Fargo informed her that it was unable modify the loan a third time and advised her to contact the bank to "discuss [her] options." In December of that year, she temporarily moved to Louisiana "to care for her terminally-ill mother" and, while there, continued efforts to modify her loan. Despite these efforts, in June of 2009, Wells Fargo foreclosed on Jeanbaptiste's home. In October, a friend who "happened to be driving by and observed someone removing items from the residence . . . immediately contacted Ms. Jeanbaptiste to inform her." Two years later, in December of 2011, she received notification from the Board of Governors of the Federal Reserve that it was reviewing whether Wells Fargo had improperly foreclosed on her home. She filed suit in state court against Wells Fargo on December 18, 2013, alleging breach of contract, wrongful foreclosure, civil theft under the Texas Theft Liability Act (TTLA),[1] and conversion. Wells Fargo removed the case to federal court and filed a motion to dismiss. The magistrate judge recommended dismissal because Jeanbaptiste's complaint was time-barred and failed to state a claim upon which relief could be granted. The district judge adopted these recommendations, and we now affirm on grounds that the claims are barred under the relevant statutes of limitation.

---

[1] TEX. CIV. PRAC. & REM. CODES ANN. § 134.003, .005 (West 2013).

No. 14-10671

## II

We review de novo a district court's grant of a motion to dismiss under Rule 12(b)(6).[2] We accept "all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff."[3]

A federal court exercising diversity jurisdiction must apply appropriate state law, including state statutes of limitation, to resolve a dispute.[4] To determine state law, a federal court "look[s] to the final decisions of the state's highest court."[5] Where no such precedent is available, a federal court must employ state methodology to make an "*Erie* guess" to "determine, in its best judgment, how the highest court of the state would resolve the issue if presented with the same case."[6] It is undisputed that Texas law applies in this case.

## III

In Texas, under the "injury rule," unless an exception applies, "a cause of action generally accrues when a wrongful act causes a legal injury regardless of when the plaintiff discovers the injury or if all resulting damages have not yet occurred."[7] A four-year statute of limitations applies to breach of contract[8]

---

[2] *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007).

[3] *Id.* (citations and internal quotation marks omitted).

[4] *Guar. Trust Co. of N.Y. v. York*, 326 U.S. 99, 111 (1945); *Erie R.R. Co. v. Tompkins*, 304 U.S. 64, 78-79 (1938).

[5] *Lawyers Title Ins. Corp. v. Doubletree Partners, L.P.*, 739 F.3d 848, 856 (5th Cir. 2014) (quoting *Am. Int'l Specialty Lines Ins. Co. v. Canal Indem. Co.*, 352 F.3d 254, 260 (5th Cir. 2003)).

[6] *Id.*

[7] *Holland v. Thompson*, 338 S.W.3d 586, 593 (Tex. App.—El Paso 2010, pet. denied) (citing *Childs v. Haussecker*, 974 S.W.2d 31, 36 (Tex. 1998)).

[8] TEX. CIV. PRAC. & REM. CODE ANN. § 16.004 (West 2013).

3

No. 14-10671

and wrongful foreclosure[9] claims.  A two-year limitations period applies to conversion[10] and TTLA[11] claims.  Thus, as Jeanbaptiste's injuries occurred at the latest in June of 2009, when Wells Fargo foreclosed, and she did not bring her claim until December of 2013, all of her claims are time-barred.

Jeanbaptiste nevertheless contends that the "discovery rule," a narrow exception to the injury rule, tolled the statute of limitations such that her suit can move forward.  We disagree.

The discovery rule exception applies only if:

> the nature of the plaintiff's injury is both inherently undiscoverable and objectively verifiable. An injury is inherently undiscoverable if it is, by its nature, unlikely to be discovered within the prescribed limitations period despite due diligence. "Inherently discoverable" does not mean that a particular plaintiff did not discover his or her particular injury within the applicable limitations period.  Instead, we determine whether an injury is inherently undiscoverable on a categorical basis because such an approach brings predictability and consistency to the jurisprudence.[12]

The discovery rule does not apply to breach of contract[13] or conversion[14] claims. While the Supreme Court of Texas has not yet addressed the application of the discovery rule to wrongful foreclosure and TTLA claims, Texas courts of appeal

---

[9] *Gonzales v. Lockwood Lumber Co.*, 668 S.W.2d 813, 815 (Tex. App.—Houston [14th dist.] 1984, writ ref'd n.r.e.) (citing *Int'l Printing Pressmen and Assistants' Union of N. Am. v. Smith*, 198 S.W.2d 729, 735 (Tex. 1946)).

[10] TEX. CIV. PRAC. & REM. § 16.003(a).

[11] *Id.* § 134.003, .005; *see Howard v. Sony Music BMG Entm't*, 293 F. App'x 350, 352 (5th Cir. 2008) (per curiam).

[12] *Wagner & Brown, Ltd. v. Horwood*, 58 S.W.3d 732, 734 (Tex. 2001) (citations and internal quotation marks omitted); *see Priester v. JP Morgan Chase Bank, N.A.*, 708 F.3d 667, 675 (5th Cir. 2013).

[13] *Via Net v. TIG Ins. Co.*, 211 S.W.3d 310, 315 (Tex. 2006) (per curiam).

[14] *Rogers v. Ricane Enters., Inc.*, 930 S.W.2d 157, 167 (Tex. App.—Amarillo 1996, writ denied), *cited with approval in HECI Exploration Co. v. Neel*, 982 S.W.2d 881, 888 (Tex. 1998).

4

have uniformly refused to apply the discovery rule to them.[15]     Accordingly, the district court did not err in dismissing Jeanbaptiste's suit with prejudice because her claims are time-barred.

*     *     *

For the foregoing reasons, the judgment of the district court is AFFIRMED.

---

[15] *E.g.*, *Trunkhill Capital, Inc. v. Jansma*, 905 S.W.2d 464, 468 (Tex. App.——Waco 1995, writ denied) ("The creditor's cause of action for any deficiency exists on the date of foreclosure."); *Nabelek v. Bradford*, No. 14-01-00240-CV, 2002 WL 1438662, at *3 & n.3, *5 (Tex. App.——Houston Aug. 22, 2002) ("While it is perhaps probable that a reasonably diligent person whose property had been seized would not know of his injury as of [the date of seizure], we cannot say that he would continue to remain unaware of that failure for a period of two years thereafter."); *see also Howard v. Sony BMG Music Entm't*, No. H-06-3133-CV, 2007 WL 2537865, at *3-4 (S.D. Tex. Aug. 31, 2007), *aff'd*, 293 F. App'x 350 (5th Cir. 2008) (per curiam).